VIRGIL D. ANDERSON, APPELLANT, V. WELLS FARGO FINANCIAL ACCEPTANCE PENNSYLVANIA, INC., DOING BUSINESS AS WELLS FARGO FINANCIAL ACCEPT, APPELLEE.

694 N.W.2d 625

Filed April 1, 2005.   No. S-03-882.

Michael D. McClellan and Michael D. Nelson, of Nelson McClellan, for appellant.

Scott A. Lautenbaugh, of Nolan, Olson, Hansen & Lautenbaugh, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

On April 15, 2003, Virgil D. Anderson, appellant, filed a declaratory judgment action in the district court for Douglas County against one defendant, Wells Fargo Financial Acceptance Pennsylvania, Inc., doing business as Wells Fargo Financial Accept (Wells Fargo), appellee. The complaint alleged that Wells Fargo breached a contract between the parties when it failed to have Anderson's name listed on the certificate of title to a motor vehicle that Anderson bought with another person, Pamela A.

McCoy. In general, Anderson alleged as follows: Anderson and McCoy were each listed as a "Buyer" on a "Retail Installment Contract and Security Agreement" entered into with a Nebraska automobile dealer, Lee Sapp Ford-Mercury (Lee Sapp); the contract was assigned by Lee Sapp to Wells Fargo; McCoy took possession of the vehicle; Anderson's name was not listed on the certificate of title; and upon McCoy's failure to make payments, Anderson had made $4,195.70 in payments at the time the complaint was filed. The complaint also alleged that Wells Fargo had declined to give Anderson adequate assurances that Anderson had an ownership interest in the vehicle. For relief, Anderson variously sought an order, inter alia, suspending his performance under the contract, canceling the contract, and awarding him a judgment in the total amount of payments he had already made under the contract.

On May 22, 2003, Wells Fargo filed a motion to dismiss based on Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) (rev. 2003) (lack of subject matter jurisdiction) and rule 12(b)(6) (failure to state claim upon which relief can be granted). On July 2, the district court granted Wells Fargo's motion to dismiss on both rule 12(b)(1) and (6) grounds and dismissed Anderson's action with prejudice. Anderson appealed.

During the pendency of this appeal, on the court's own motion, the parties were directed to further brief the case. In his supplemental brief, Anderson indicated that a separate action had been undertaken against McCoy, and at oral argument, Anderson conceded that he had possession of the vehicle and that his name had been placed on the certificate of title.

We conclude that the district court erred in concluding that it lacked subject matter jurisdiction but that it was correct in concluding that Anderson failed to state a claim upon which relief can be granted. We therefore affirm the granting of the motion to dismiss.

## STATEMENT OF FACTS

On April 15, 2003, Anderson filed a complaint in district court seeking declaratory judgment against Wells Fargo. In the complaint, Anderson alleged, inter alia, the following: On August 8, 2002, Anderson entered into a contract with Lee Sapp, a Nebraska

automobile dealer which soon thereafter assigned the contract to Wells Fargo. Anderson and McCoy were each named as a "Buyer" of a motor vehicle on the contract form. McCoy took possession of the vehicle. Anderson was not given a copy of the certificate of title to the vehicle.

According to the complaint, McCoy ceased making payments on the vehicle. Thereafter, Anderson began making payments and had made payments totaling $4,195.70 at the time the complaint was filed. Anderson hired a private investigator to repossess the vehicle. The private investigator learned that Anderson's name was not on the certificate of title and indicated that Anderson had no ability to take possession of the vehicle.

On February 14, 2003, Anderson's attorney sent Wells Fargo a letter requesting adequate assurances that if Anderson paid off the remaining balance on the contract, Anderson would receive an ownership interest in the vehicle. Although Wells Fargo received the letter, Anderson received no response.

Anderson alleged in his complaint that Wells Fargo's failure to have Anderson's name placed on the title was a breach of the contract and various statutes. As relief, Anderson sought, inter alia, orders suspending his performance under the contract, canceling the contract, and awarding him a judgment in the total amount of payments he had already made under the contract.

On May 22, 2003, Wells Fargo filed a motion to dismiss the action for lack of subject matter jurisdiction pursuant to rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to rule 12(b)(6). Referring to the Uniform Declaratory Judgments Act, Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 1995 & Cum. Supp. 2000), Wells Fargo asserted that the district court did not have subject matter jurisdiction because Anderson had an adequate remedy against McCoy and the court's judgment in this action would not terminate that controversy. Wells Fargo also asserted that it had no duty to Anderson and that therefore, Anderson's complaint failed to state a claim upon which relief could be granted.

On July 2, 2003, the district court filed its order sustaining Wells Fargo's motion to dismiss on both rule 12(b)(1) and (6) grounds and dismissing the action with prejudice, with costs taxed to Anderson. In its order, the court stated that

contrary to the allegations contained in [Anderson's] complaint, [Wells Fargo] does not have a duty to require [Anderson's] co-purchaser to title the car in [Anderson's] name; further this Court lacks jurisdiction over the subject matter of this cause of action because any judgment rendered by this Court will not terminate the controversy between [Anderson] and . . . McCoy per Neb. Rev. Stat. § 25-21,150 and § 25-21,154.

Anderson appeals.

## ASSIGNMENTS OF ERROR

Anderson asserts that the district court erred in (1) concluding that it did not have subject matter jurisdiction and (2) concluding that Anderson had failed to state a claim upon which relief could be granted. Anderson also asserts that it was improper for the district court to rule on the merits of his claim under rule 12(b)(6) when it also determined that it did not have subject matter jurisdiction under rule 12(b)(1).

## STANDARDS OF REVIEW

As discussed above, this action was filed on April 15, 2003, and thus, we apply the new rules for notice pleading. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). This court has not previously discussed the standard of review for a motion to dismiss filed under rule 12(b)(1). Because the new rules are modeled after the Federal Rules of Civil Procedure, we look to the federal decisions for guidance. See, similarly, *Kellogg v. Nebraska Dept. of Corr. Servs., ante* p. 40, 690 N.W.2d 574 (2005). We do hereby determine, as do the federal appellate courts, that the granting of a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same de novo standard of review as a motion brought under rule 12(b)(6). See *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695 (8th Cir. 2003).

A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Weeder v. Central Comm. College, ante* p. 114, 691 N.W.2d 508 (2005).

## ANALYSIS

*It Is Improper to Consider Motion Based on Rule 12(b)(6)
Grounds Where Court Concludes It Lacks Subject
Matter Jurisdiction Under Rule 12(b)(1).*

We note first that the district court granted Wells Fargo's motion to dismiss both for lack of subject matter jurisdiction under rule 12(b)(1) and for failure to state a claim for relief under rule 12(b)(6). Anderson observes that the district court's order was inconsistent and asserts that the court should not have considered the rule 12(b)(6) grounds when it determined that it lacked subject matter jurisdiction under rule 12(b)(1). We agree with Anderson's analysis and conclude that when a motion to dismiss raises both rule 12(b)(1) and (6) grounds, the court should consider the rule 12(b)(1) grounds first and should then consider the rule 12(b)(6) grounds only if it determines that it has subject matter jurisdiction.

In articulating the proper procedure to be followed relative to a motion asserting both rule 12(b)(1) and (6) grounds, we look to the federal decisions for guidance. *Kellogg v. Nebraska Dept. of Corr. Servs., supra.* Federal courts generally state, and we agree, that when a motion to dismiss is based on both rule 12(b)(1) and (6) grounds, the court should consider the rule 12(b)(1) challenge first. It has been observed that "[w]hen a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter. . . . After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149-50 (1st Cir. 2002). Elsewhere, it has been stated: "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The Court of Appeals for the Fifth Circuit has said:

> A dismissal under both rule 12(b)(1) and 12(b)(6) has a "fatal inconsistency" and cannot stand. . . . "Federal jurisdiction is not so ambidextrous as to permit a district court to dismiss a suit for want of jurisdiction with one hand and to decide the merits with the other. A federal district court concluding lack

of jurisdiction should apply its brakes, cease and desist the proceedings, and shun advisory opinions. To do otherwise would be in defiance of its jurisdictional fealty."

*Ehm v. National R.R. Passenger Corp.*, 732 F.2d 1250, 1257 (5th Cir. 1984). More importantly, it has been stated: "If the allegations [of a complaint] do not survive the jurisdictional attack, then there is no jurisdiction even to consider the other claims, much less to entertain a Rule 12(b)(6) motion to dismiss those claims." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980).

■ We similarly conclude that when a motion to dismiss is based on both rule 12(b)(1) and (6) grounds, the court should consider the rule 12(b)(1) challenge first. If the court determines that it lacks subject matter jurisdiction, the court should dismiss on that basis and should not consider the rule 12(b)(6) grounds. In the context under discussion, the court should consider the rule 12(b)(6) grounds only after it has determined that it has subject matter jurisdiction.

In the present case, the district court in its order considered the rule 12(b)(6) grounds first and ultimately dismissed on both rule 12(b)(1) and (6) grounds. In reviewing the ruling, we will follow the proper order and will consider the rule 12(b)(1) grounds first.

*District Court Possessed Subject Matter Jurisdiction:*
*Dismissal Under Rule 12(b)(1) Was Error.*

We first consider whether the district court erred when it concluded that it lacked subject matter jurisdiction and granted the motion to dismiss on rule 12(b)(1) grounds. We conclude that although the court possessed the discretion to refuse to enter a judgment or decree, it did not lack the power to hear the case, and that the court erred as a matter of law when it stated it lacked subject matter jurisdiction.

Anderson titled his complaint a "Declaratory Judgment" action. Section 25-21,150 of the Uniform Declaratory Judgments Act states:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have

determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Section 25-21,154 states: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In its motion to dismiss, Wells Fargo asserted that the district court lacked subject matter jurisdiction because a ruling in this declaratory judgment action would not terminate the controversy between Anderson and McCoy. In its order granting the motion to dismiss, the court agreed with Wells Fargo and concluded with respect to rule 12(b)(1) that it lacked "jurisdiction over the subject matter . . . because any judgment rendered by this Court will not terminate the controversy between [Anderson] and . . . McCoy per Neb. Rev. Stat. § 25-21,150 and § 25-21,154." Although the court did not give further explanation, it is apparent that the court relied on § 25-21,154 in concluding that it lacked subject matter jurisdiction. Such reliance for the proposition that the court lacked subject matter jurisdiction was error as a matter of law.

■ Subject matter jurisdiction deals with the court's ability to hear a case. We recently stated: "Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved." *State v. Thomas*, 268 Neb. 570, 584, 685 N.W.2d 69, 82 (2004). Accepting Anderson's allegations in the complaint, as we must, the district court had the power to hear and determine the general class or category of cases to which Anderson's case belonged. Section 25-21,150 gave the district court subject matter jurisdiction over the general class of issues raised in Anderson's complaint, and the district court was possessed of subject matter jurisdiction.

For the sake of completeness, we note that we recently observed that we "have long stated that [§ 25-21,154] indicates discretionary rather than mandatory power [and that] whether to entertain an action for declaratory judgment is within the discretion of the trial court." *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 449, 684 N.W.2d 14, 23 (2004). However,

in the instant case, the district court did not dismiss as a matter of discretion but instead declared that it did not have jurisdiction.

Contrary to the district court's ruling, it did not lack subject matter jurisdiction over Anderson's declaratory judgment action, and we conclude that the district court erred in granting the motion to dismiss on rule 12(b)(1) grounds.

*Complaint Failed to State Claim Upon Which Relief Can Be Granted: Dismissal Under Rule 12(b)(6) Was Proper.*

As noted above, the district court properly should have considered the motion to dismiss on rule 12(b)(1) grounds first, and had it lacked subject matter jurisdiction, the court should not have considered the rule 12(b)(6) grounds. However, because we have concluded that the district court had subject matter jurisdiction and erred in granting the motion to dismiss on rule 12(b)(1) grounds, we will review the district court's further decision to grant the motion to dismiss on 12(b)(6) grounds. We conclude that because no relief could have been granted based on the allegations in the complaint, the district court was correct in concluding that Anderson failed to state a claim upon which relief could be granted.

We recently stated that complaints should be liberally construed in the plaintiff's favor, and a complaint should not be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery. *Spear T Ranch v. Knaub, ante* p. 177, 691 N.W.2d 116 (2005). However, federal courts have observed, and we agree, that complaints must nonetheless set forth sufficient information to suggest that there is some recognized theory upon which relief may be granted. *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077 (D.C. Cir. 1984).

The crux of Anderson's complaint is contained in paragraph 9 wherein he alleges, inter alia, that Wells Fargo's "failure to have [Anderson's] name placed on the title is a breach of the Installment Contract." The "Installment Contract" was attached to the complaint, and we recognize that Anderson is listed as a "Buyer" on the contract. The contract does not contain a provision explicitly requiring the seller to put the buyers' names on the certificate of title, nor is this potential act assigned to the

assignee, Wells Fargo. Anderson has not alleged any recognized theory which would require Wells Fargo to take the actions Anderson seeks, nor have we been directed on appeal to authority upon which relief can be granted. Anderson therefore failed to state a complaint against Wells Fargo upon which relief could be granted, and we conclude that the district court did not err in granting the motion to dismiss on rule 12(b)(6) grounds.

## CONCLUSION

We conclude that the district court erred in determining that it lacked subject matter jurisdiction. However, the court did not err in determining that Anderson failed to state a claim upon which relief could be granted. We therefore conclude that the court was correct in granting the motion to dismiss on rule 12(b)(6) grounds. We affirm the order granting Wells Fargo's motion to dismiss with prejudice.

AFFIRMED.