AARON FERER AND ROBIN MONSKY, APPELLANTS, V. ERICKSON & SEDERSTROM, P.C., A LIMITED LIABILITY ORGANIZATION, A NEBRASKA CORPORATION, APPELLEE.

718 N.W.2d 501

Filed July 28, 2006.    No. S-05-619.

114

James D. Sherrets and Jason M. Bruno, of Sherrets & Boecker, L.L.C., for appellants.

Michael F. Kinney and Daniel J. Epstein, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

The appellants, Aaron Ferer (Aaron) and Robin Monsky, brought derivative claims on behalf of Aaron Ferer & Sons Co. (AFSC) against Erickson & Sederstrom (E&S) and AFSC, to recover for E&S' allegedly negligent representation of AFSC. Aaron brought an individual action against the same defendants to recover for the alleged wrongful registration of his AFSC shares of common stock.

The district court granted E&S' motion to dismiss. With regard to Aaron's individual claim, the district court treated it as a claim for professional malpractice and concluded that E&S, who served as corporate counsel and transfer agent for AFSC, did not owe a duty to Aaron individually. With regard to the appellants' derivative claims, the district court found that the appellants did not fairly and adequately represent the shareholders of AFSC.

Following the entry of a final order, the appellants perfected the instant appeal, which we removed to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## BACKGROUND

The appellants brought the present action against E&S and AFSC. This action was filed concurrently with separate actions against AFSC and majority shareholders, which are not part of this appeal.

In the operative complaint, Aaron asserts one individual claim against E&S and the appellants assert four counts against E&S and AFSC.

Count I is an individual claim on behalf of Aaron for wrongful registration against E&S only. Under this count, Aaron alleges that he was gifted 11,764 shares of common stock in AFSC by his father, Harvey Ferer, and that E&S, in its capacity as transfer agent for AFSC, canceled the stock certificate representing his 11,764 shares of common stock and caused another stock certificate to be issued for those shares in the name of Harvey Ferer. Aaron further alleges that E&S subsequently recorded a transfer of those shares to Matthew Ferer and Whitney Ferer and issued those individuals new stock certificates which represented their purported ownership of that stock. Aaron alleges that the transfer of stock to Harvey Ferer and then to Matthew Ferer and Whitney Ferer was wrongful because it was done so without Aaron's endorsement or authority.

Counts II through V are derivative claims on behalf of AFSC for breach of duty of care, breach of duty of loyalty, wrongful registration, and unjust enrichment and accounting. The appellants allege that Aaron made demand on AFSC to pursue an action against E&S and that over 90 days had elapsed without action.

Under count II, the appellants allege, inter alia, that E&S negligently advised AFSC regarding the effect of the appellants' dissent from the asset sale of AFSC, the appellants' rights to payment of the fair value of their stock under the dissenters' rights provisions found in Neb. Rev. Stat. § 21-20,141 (Reissue 1997) of the Business Corporation Act, and the appellants' entitlement to payment under AFSC's plan of partial liquidation. The appellants claim that E&S' negligent advice has and will cause AFSC to sustain numerous financial damages.

Under count III, the appellants essentially allege that E&S breached its duty of loyalty to AFSC by representing Matthew Ferer and Whitney Ferer at the same time as they represented AFSC and by facilitating the appropriation of corporate opportunities by Matthew Ferer and Whitney Ferer.

Under count IV, the appellants allege that E&S is liable for damages sustained by AFSC as a result of E&S' actions in the wrongful registration of Aaron's stock, which was ultimately reissued in the names of Matthew Ferer and Whitney Ferer.

Finally, under count V, the appellants allege that E&S is not entitled to the attorney fees paid to it by AFSC due to its negligent advice and its representation of conflicting interests. The appellants claim that to allow E&S to retain those fees would result in E&S' being unjustly enriched.

The district court granted E&S' motion to dismiss filed pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003). With regard to the appellants' derivative claims, the district court found that the appellants did not fairly and adequately represent AFSC's interests as required in derivative actions. With regard to Aaron's individual claim for wrongful registration, the district court treated it as a claim for legal malpractice and concluded that E&S did not owe Aaron any duty.

The appellants filed an appeal of the dismissal of their claims to the Nebraska Court of Appeals. The Court of Appeals dismissed the appeal on the ground that the appellants were not appealing a final order. See *Ferer v. Erickson & Sederstrom*, 13 Neb. App. xlvi (No. A-04-1299, Apr. 8, 2005). On remand, the appellants filed a motion for a final order pursuant to Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2004), and a motion to strike AFSC as a defendant, which motion was granted. Upon the district

court's entry of a final order, the appellants timely filed the present appeal.

## ASSIGNMENTS OF ERROR

The appellants assert, restated and consolidated, that the district court erred in (1) dismissing Aaron's individual claim against E&S for wrongful registration, (2) failing to find that the appellants fairly and adequately represent the corporation in their derivative claims, and (3) considering matters outside the pleadings.

## STANDARD OF REVIEW

A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006); *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005); *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005).

## ANALYSIS

### INDIVIDUAL CLAIM

We first address whether Aaron failed to state a claim against E&S in his individual capacity. Aaron argues on appeal that the district court erred in dismissing his individual claim for wrongful registration against E&S on rule 12(b)(6) grounds.

Complaints should be liberally construed in the plaintiff's favor, and a complaint should not be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery. *Anderson v. Wells Fargo Fin. Accept., supra.* Nonetheless, in *Anderson*, we stated that complaints must set forth sufficient information to suggest that there is some recognized theory upon which relief may be granted. *Id.*

In his operative complaint, Aaron alleges that E&S registered a transfer of Aaron's stock to a person not entitled thereto because the transfer was registered pursuant to an ineffective endorsement or instruction. He claims the registration was ineffective because Aaron, the appropriate person, did not authorize the transfer. Specifically, Aaron alleges that E&S, in its capacity

as transfer agent for AFSC, issued stock certificate No. 468 for 11,764 shares of AFSC common stock to Aaron. Aaron further alleges that pursuant to a request by Matthew Ferer, E&S purportedly canceled certificate No. 468 and caused certificate No. 479 to be issued for 11,764 shares of AFSC common stock in the name of Harvey Ferer and subsequently in the names of Matthew Ferer and Whitney Ferer without any endorsement on certificate No. 468, duly executed stock power, or any other evidence of authority by Aaron.

The district court treated Aaron's individual claim as one based on legal malpractice. The court concluded that E&S did not owe Aaron a duty and therefore dismissed Aaron's individual claim. We disagree. We find instead that Aaron has stated a claim for wrongful registration under Neb. U.C.C. § 8-407 (Reissue 2001), and reverse the district court's order on this issue.

■ We have stated that an attorney's alleged professional misconduct gives rise to a professional negligence action. See, *Swanson v. Ptak*, 268 Neb. 265, 682 N.W.2d 225 (2004); *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995). In the instant case, however, E&S was not acting as legal counsel with respect to the allegedly wrongful registration of Aaron's stock. Rather, it was alleged to be acting as transfer agent for AFSC.

Transfer agents are frequently employed to take charge of stock transfers on the corporate stock books and the issuance of new stock certificates in order to facilitate the transfer of shares and to guard against mistakes or overissues. 12 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 5485 (perm. ed., rev. vol. 2004). See, e.g., *Geiger v. S.E.C.*, 363 F.3d 481 (D.C. Cir. 2004); *Ins. Co. of N. America v. Breham*, 257 Or. 385, 478 P.2d 387 (1970). The transfer agent must pass on and satisfy himself as to the validity and propriety of the transfer, and the transfer agent is generally held liable for the improper issue and transfer of certificates, both to the corporation and to persons injured. 12 Fletcher, *supra*. See § 8-407. There is no restriction under Nebraska law that a transfer agent must be a lawyer or a law firm. See, e.g., Neb. U.C.C. § 8-102 (Reissue 2001). In fact, a transfer agent may be any individual or a department of the corporation itself, though the transfer agent is usually a bank or trust company with a special transfer

department and trained staff. 12 Fletcher, *supra*. Accordingly, an attorney or law firm may serve as transfer agent for a corporation notwithstanding its role as legal counsel for the corporation and, consequently, may be liable under § 8-407 for wrongful registration. Were we to conclude otherwise, we would in essence be saying that attorneys and law firms enjoy a special protection from liability under § 8-407, which holds a transfer agent liable to the owner of a security for the wrongful registration of that security. See § 8-407, official comment 1.

In the instant case, E&S was alleged to be acting in its capacity as transfer agent for AFSC, not in its capacity as legal counsel, when it transferred Aaron's shares of AFSC stock. Hence, E&S may potentially be held liable under § 8-407 for wrongful registration.

Having determined that E&S transferred Aaron's stock shares in its capacity as transfer agent, we must next determine whether Aaron alleged sufficient facts to state a claim for wrongful registration under § 8-407.

Section 8-407 bestows on a transfer agent the same obligations to the holder or owner of a security as the issuer and holds a transfer agent liable where the issuer would itself be liable. Neb. U.C.C. § 8-404(a)(1) (Reissue 2001) provides that an issuer is liable for wrongful registration if the issuer has registered the transfer of security to a person not entitled to it as a result of an ineffective endorsement or instruction. The official comment 1 to this section explains in part that "[t]he fact that the issuer had no reason to suspect that the [e]ndorsement was forged or that the issuer obtained the ordinary assurances under section 8-402 does not relieve the issuer from liability."

Aaron has alleged in his operative complaint that E&S transferred his shares of AFSC to Harvey Ferer and then to Matthew Ferer and Whitney Ferer, despite his failure to endorse the stock certificate or authorize the transfer. If Aaron's allegations are true, which we must assume for purposes of a motion to dismiss, see *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006), E&S would be liable under § 8-407 because of the alleged ineffective endorsement. We therefore conclude that Aaron has stated a claim for wrongful registration, and the district court erred in concluding otherwise.

## DERIVATIVE CLAIMS

The appellants next argue that the district court erred in dismissing their derivative claims against E&S.

The appellants assert that the district court's determination that they do not fairly and adequately represent the interest of the company was erroneous.

A derivative action is a suit by a shareholder to enforce a cause of action belonging to the corporation. *Sadler v. Jorad, Inc.*, 268 Neb. 60, 680 N.W.2d 165 (2004). A shareholder may not commence or maintain a derivative proceeding unless the shareholder adequately represents the interests of the corporation in enforcing the right of the corporation. Neb. Rev. Stat. § 21-2071 (Reissue 1997). This requirement is particularly important because the derivative plaintiff occupies the position of a fiduciary character vis-a-vis the shareholders. *Cohen v. Beneficial Loan Corp*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949).

"[W]hether a plaintiff fairly and adequately represents other shareholders and the corporation involves a factual determination by the court and the burden of proof is on the party challenging the plaintiff's standing." 13 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 5981.40 at 152-53 (perm. ed., rev. vol. 2004). See, also, *Smallwood v. Pearl Brewing Company*, 489 F.2d 579, 592 n.15 (5th Cir. 1974) ("[t]he burden is on the defendants to obtain a finding of inadequate representation"). Thus, the derivative plaintiff is not required to prove that he or she is the proper representative of the shareholders. *Id.*

A determination of adequate representation depends on two factors: " '(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.' " *Vanderbilt v. Geo-Energy Ltd.*, 725 F.2d 204, 207 (3d Cir. 1983) (quoting *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3d Cir. 1975)). There has been no challenge to the qualifications of the appellants' attorney; thus, our inquiry is limited to the question of whether the appellants' interests are antagonistic to those of the corporation.

As described by the Connecticut Supreme Court, "[t]he kind of assurance demanded by due process and the equitable requirement of adequate and fair representation is that the nominal plaintiff 'be free of any interest which holds the potential of influencing his conduct of the litigation in a manner inconsistent with the interests' of [the] shareholders." *Barrett v. Southern Connecticut Gas Co.*, 172 Conn. 362, 377, 374 A.2d 1051, 1058 (1977). Although our focus in the instant case is on the interests of the corporation, rather than the interests of the shareholders, we find that the same assurances apply.

According to E&S, the appellants do not fairly and adequately represent the interests of the corporation because they are motivated by their personal interests. In support of this contention, E&S asserts that it asked the district court to take judicial notice of the multiple lawsuits brought by the appellants against AFSC. See, Ferer v. Aaron Ferer & Sons Co. et al., Douglas County District Court, docket 1007, No. 217; Ferer v. Aaron Ferer & Sons Co. et al., Douglas County District Court, docket 1031, No. 621; Ferer v. Aaron Ferer & Sons Co. et al., Douglas County District Court, docket 1038, No. 306.

Because a rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. See *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002). However, while a court's consideration of a rule 12(b)(6) motion is generally confined to the allegations in the complaint, a court may take judicial notice of " 'matters of public record' " without converting a rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); Neb. Rev. Stat. § 27-201(6) (Reissue 1995) ("[j]udicial notice may be taken at any stage of the proceeding"). See, also, *Watterson v. Page*, 987 F.2d 1 (1st Cir. 1993). Thus, the district court may, and in this case did, consider the other lawsuits filed by the appellants in determining whether the district court erred in granting E&S' rule 12(b)(6) motion.

In *Smith v. Ayres*, 977 F.2d 946 (5th Cir. 1992), the plaintiff was a shareholder of a family corporation owning what the court described as an infinitesimal stake in the corporation. The

court described the suit as a "protracted internecine feud" and said that the trial court could properly consider the plaintiff's vindictiveness toward the defendant in determining whether the plaintiff was an adequate representative. *Id.* at 947. The court further stated that "[a] plaintiff in a shareholder derivative action owes the corporation his undivided loyalty. The plaintiff must not have ulterior motives and must not be pursuing an external personal agenda." *Id.* at 949. A review of the record in this case reveals that the appellants' personal interests are at the forefront of this litigation.

The appellants' derivative claims are each connected to how AFSC treated the appellants in regard to their stock. In addition, the facts which form the basis of the appellants' derivative claims in the instant case also form the basis for the appellants' claim against AFSC and the majority shareholders in Ferer v. Aaron Ferer & Sons Co. et al., Douglas County District Court, docket 1007, No. 217. The appellants cannot, based on the same facts, fairly and adequately represent the interests of AFSC while simultaneously suing AFSC based upon the same set of facts. The appellants' derivative claims in this case are representing their own interests and not enforcing the rights, if any, of AFSC against E&S. We, therefore, conclude that the district court did not err in dismissing the appellants' derivative claims against E&S.

Having determined that the district court did not err in concluding the appellants do not fairly and adequately represent the interests of AFSC and, therefore, in dismissing their derivative claims against E&S, we need not address E&S' argument on appeal that the appellants' derivative claims are barred by the statute of limitations. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005).

### CONSIDERING MATTERS OUTSIDE PLEADINGS

In their final assignment of error, the appellants argue that the district court erred in considering matters outside the pleadings in its evaluation of the merits of E&S' rule 12(b)(6) motion. As previously explained, a court may consider matters over which it could take judicial notice in ruling on a rule 12(b)(6) motion. Accordingly, we conclude that the district court did not err in

considering the other cases brought by the appellants against AFSC and the majority shareholders.

## CONCLUSION

For the reasons discussed above, we conclude that Aaron has stated a claim against E&S for wrongful registration under § 8-407. We therefore reverse the district court's dismissal of Aaron's individual claim against E&S. We affirm, however, the court's dismissal of the appellants' derivative claims against E&S for the reason that they do not fairly and adequately represent AFSC.

AFFIRMED IN PART, AND IN PART REVERSED.

WRIGHT, J., participating on briefs.