762 N.W.2d 623 (2009)
17 Neb. App. 353
David GOODWIN, appellant,
v.
Mathias M. HOBZA, appellee.
No. A-08-435.
Court of Appeals of Nebraska.
February 10, 2009.
*625 David Goodwin, pro se.
Rex A. Rezac and Rebecca A. Zawisky, of Fraser Stryker, P.C., L.L.O., Omaha, for appellee.
CARLSON, MOORE, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
David Goodwin, proceeding pro se, filed a complaint seeking damages for injuries sustained by his minor child, Desmond Goodwin (Desmond). At trial, he offered only medical bills, and the district court sustained Mathias M. Hobza's objections to the exhibit. Goodwin then rested, and the court sustained Hobza's motion for directed verdict. On appeal, Goodwin claims that the rest was intended only to signify an intention not to offer additional exhibits and that the court knew he intended to call witnesses. Because the record does not support Goodwin's claim, we affirm the court's judgment. To the extent Goodwin attempts to prosecute an appeal on behalf of his child, we conclude such an appeal by a nonattorney is a nullity.

BACKGROUND
On June 22, 2007, Goodwin filed a complaint titled "David Goodwin (Desmond Goodwin) v.s. Mathias M. Hobza and his insurance co. State Farm." The complaint alleged in its entirety:
[O]n 5-23-07 Plaintiff was in the van with his grandfather Billy Tyler when Mathia[s] Hobza rear ended the vehicle Desmond Goodwin was in at [a doctor's] office. Desmond Goodwin has not been the same since. He's had temperatures of 103.7 since the accident with frequent crying spells. As we all know infants can't talk to let me know what[']s the matter! He gets hot and weak due to his personal injuries he's suffered from the accident!
I pray the court awards $100,000,000 on behalf of my son Desmond Goodwin for seen and unseen problems now or in the near and distant future!
Upon State Farm Mutual Automobile Insurance Company's motion, the court dismissed the complaint against the insurer.
On April 23, 2008, the court conducted a trial as to the claim against Hobza. Goodwin appeared pro se. After the parties waived opening statements, the following colloquy occurred:
THE COURT: All right. You can present any evidence that you have then.
[Goodwin]: I just have bills, Your Honor.
THE COURT: You would have to take them up to the court reporter and mark them as an exhibit.
(Exhibit No. 1 was marked for identification.)
THE COURT: All right. This is a group of what you have referred to as bills and they are marked as Exhibit *626 Number 1. And I assume you are offering them for evidence at this time?
[Goodwin]: Yes.
[Hobza's counsel]: I'd object to foundation, relevance.
THE COURT: I am going to sustain that objection. You have to have some foundation for what those bills are.
(Exhibit No. I is hereby made a part of this bill of exceptions and may be found at the end of this volume.)
THE COURT: Do you have any other evidence that you wish to offer?
[Goodwin]: Just those doctor bills for Desmond, Your Honor.
THE COURT: I take it you are resting then?
[Goodwin]: Yes.
[Hobza's counsel]: I'd move the Court for a directed verdict.
THE COURT: That motion is sustained, I am going tothe case is out of court because you don't have any evidence to support it.
So would you submit an order?
[Hobza's counsel]: I will.
(9:09 a.m.adjournment accordingly.)
On April 24, 2008, the district court entered an order dismissing the case. The court's order referred to Goodwin as the plaintiff and did not reference Desmond.
Goodwin timely appeals. Pursuant to authority granted to this court under Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument.

ASSIGNMENT OF ERROR
Goodwin assigns that the court erred in dismissing the case.

STANDARD OF REVIEW
In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. LeRette v. American Med. Security, 270 Neb. 545, 705 N.W.2d 41 (2005).

ANALYSIS

Entry of Directed Verdict on Goodwin's Complaint.
Complaints should be liberally construed in the plaintiff's favor, and a complaint should not be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery. Ferer v. Erickson, Sederstrom, 272 Neb. 113, 718 N.W.2d 501 (2006). The complaint alleged injuries sustained by Goodwin's infant son, Desmond, and liberally construed, it alleged a distinct cause of action on Goodwin's behalf because as the child's parent, he may be liable for the costs of the child's medical care. See, e.g., Neb.Rev.Stat. § 23-3522 (Reissue 2007); Neb.Rev.Stat. § 28-706 (Reissue 2008).
Generally, injury to a minor results in two causes of actionone on behalf of the minor and the other on behalf of the minor's parent. The minor's claim is based on damages caused by the personal or bodily injury sustained by the minor, while the claim of a parent is based on the loss of services during minority and the necessary expenses of treatment for the injured child.
Macku v. Drackett Products Co., 216 Neb. 176, 179, 343 N.W.2d 58, 60 (1984). The cause or right of action of parents is distinct from the cause of action of their child. *627 Id. But because Goodwin offered no admissible evidence to support his claim, we conclude that the court did not err in granting Hobza's motion for a directed verdict.
Goodwin argues on appeal that the court "BrowBeat us asking if we `Rested' knowing we meant we `Rested' with respect to `documentary' proffer" and that the court "clearly knew we wanted to call live witnesses." Brief for appellant at 2. The record simply does not support Goodwin's contention, and we note that he took no action to withdraw his rest or clarify that he wished to call witnesses. This assignment of error lacks merit.

Litigation of Claims on Behalf of Desmond.
Because Desmond is an infant, Goodwin is statutorily authorized to bring an action on Desmond's behalf as his nonlegal representative. See Neb.Rev.Stat. § 25-307 (Reissue 2008). However, one who is not an attorney may not represent others in legal proceedings, nor may such a person practice law for others. Waite v. Carpenter, 1 Neb.App. 321, 496 N.W.2d 1 (1992). See, also, Neb.Rev.Stat. § 7-101 (Reissue 2007). Waite involved an attempt by an estate's personal representativewho was not an attorneyto bring a wrongful death suit for the benefit of the heirs of the estate. This court explained that the rule against nonattorneys practicing law for others is not to perpetuate a professional monopoly, but, rather, to protect citizens from injury caused by the ignorance and lack of skill on the part of those who are untrained and inexperienced in the law, to protect the courts in their administration of justice from interference by those who are unlicensed and are not officers of the court, and to prevent the unscrupulous from using the legal system for their own purposes to the harm of the system and those who may unknowingly rely upon them. See id.
We conclude that a parent who is not an attorney should similarly be barred from personally litigating a child's negligence action. Our conclusion is consistent with that reached by the overwhelming majority of jurisdictions to have considered whether a nonattorney parent may provide legal representation on behalf of his or her minor child. See, Shepherd v. Wellman, 313 F.3d 963 (6th Cir.2002); Wenger v. Canastota Cent. School Dist., 146 F.3d 123 (2d Cir.1998); Devine v. Indian River County School Bd., 121 F.3d 576 (11th Cir.1997); Johns v. County of San Diego, 114 F.3d 874 (9th Cir.1997); Meeker v. Kercher, 782 F.2d 153 (10th Cir.1986); Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210 (D.Kan. 2001); Bullock v. Dioguardi, 847 F.Supp. 553 (N.D.Ill.1993); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257 (W.D.Mich.1990); Lowe v. City of Shelton, 83 Conn.App. 750, 851 A.2d 1183 (2004); Shields v. Cape Fox Corp., 42 P.3d 1083 (Alaska 2002); Byers-Watts v. Parker, 199 Ariz. 466, 18 P.3d 1265 (Ariz.App.2001); Chisholm v. Rueckhaus, 124 N.M. 255, 948 P.2d 707 (N.M.App.1997); Blue v. People, 223 Ill.App.3d 594, 165 Ill.Dec. 894, 585 N.E.2d 625, 223 Ill.App.3d 594, 165 Ill. Dec. 894, 585 N.E.2d 625 (1992). Cf. Harris v. Apfel, 209 F.3d 413 (5th Cir. 2000) (holding that nonattorney parent could appear pro se on behalf of minor child in Social Security appeal). The rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." Devine v. Indian River County School Bd., 121 F.3d at 582. It is not in a child's best interests to be represented by a nonattorney.
*628 Proceedings in a suit by a person not entitled to practice law are a nullity, and the suit may be dismissed. Anderzhon/Architects v. 57 Oxbow II Partnership, 250 Neb. 768, 553 N.W.2d 157 (1996). Goodwin's appellate brief is captioned "David Goodwin OBO his minor child: Desmond Goodwin vs. Mathias M. Hobza." To the extent Goodwin seeks to prosecute this appeal pro se on Desmond's behalf, it is a nullity.

CONCLUSION
We conclude that the court did not err in dismissing Goodwin's complaint.
AFFIRMED.