BRAXTON D. REICHENEKER, A MINOR, BY AND THROUGH
MICHAEL L. REICHENEKER, HIS FATHER AND
NEXT FRIEND, APPELLANT, V. LOIS A. REICHENEKER
AND EUGENE F. REICHENEKER, WIFE AND
HUSBAND, APPELLEES.
651 N.W.2d 224

Filed September 27, 2002.　No. S-01-493.

Steven W. Dowding, of Dowding, Dowding & Dowding, for appellant, and, on brief, Denzel Rex Busick.

William T. Wright and Trent W. Steele, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Braxton D. Reicheneker, a minor, filed suit by and through Michael L. Reicheneker, his father and next friend (collectively referred to as "the plaintiffs"), against Lois A. Reicheneker and Eugene F. Reicheneker (the defendants). The plaintiffs alleged that on August 5, 1993, Braxton was injured while under the care and supervision of Lois, his grandmother, and that such injuries were proximately caused by the negligence of the defendants. The plaintiffs' motion for directed verdict was overruled, and they appeal from a jury verdict in favor of the defendants.

## SCOPE OF REVIEW

█ In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Fackler v. Genetzky*, 263 Neb. 68, 638 N.W.2d 521 (2002).

## FACTS

On August 5, 1993, Braxton visited the home of his grandparents, the defendants. At that time, Eugene operated a carpet laying business out of his home. While preparing for work on the day before Braxton's visit, Eugene used a carpet knife to pry open a container of carpet paste located in an unfinished storage room in the basement. His practice was to return any knife to a toolbox on the shelf. However, on this day, he left the knife on a bucket of paste in the room.

The defendants often babysat for Braxton, who at the time was almost 3 years old. On August 5, 1993, Michael called Lois and asked if she would watch Braxton while Braxton's mother went swimming. Lois let Braxton play outside and then took him inside because she was waiting for a telephone call. Braxton followed Lois into the basement storage room, where she had gone to get some clothes.

Lois testified that she did not remember seeing the carpet knife when she entered the storage room. After she removed some clothes from a barrel, she heard Braxton cry. She turned and saw him holding a carpet knife. When Lois picked Braxton up, she noticed that there was blood on his cheek. She then realized that Braxton had injured his eye. It was later determined that his cornea was lacerated, and a part of his lens had to be surgically removed.

In their petition, the plaintiffs alleged that the defendants were negligent (1) in failing to exercise reasonable care to keep the carpet knife in a location safely out of Braxton's reach, (2) in failing to warn Braxton or his parents that the knife was present, and (3) in failing to exercise reasonable care in watching or supervising Braxton in their home.

At the close of the evidence, the plaintiffs' motion to amend the pleadings to conform to the evidence was overruled. The plaintiffs also moved for a directed verdict. As a part of the motion, they requested a jury instruction defining a business invitee, which the trial court denied. The defendants also moved for a directed verdict, claiming that the plaintiffs had failed to prove a prima facie case. The motion was sustained in part as to the theory of premises liability as it related to Lois.

The jury was instructed that the claim against Lois was based on a failure to supervise Braxton. The instructions stated that the claim against Eugene was based on maintaining an unsafe premises for a child. The jury subsequently returned a verdict in favor of the defendants.

The plaintiffs moved for judgment notwithstanding the verdict or, in the alternative, for new trial. They argued that certain parts of the defendants' testimony at trial were judicial admissions that bound both defendants. The trial court overruled the motion, and the plaintiffs timely appealed.

## ASSIGNMENTS OF ERROR

The plaintiffs' assignments of error can be summarized and restated as follows: The trial court erred in (1) overruling their motion for directed verdict, motion for judgment notwithstanding the verdict, and alternative motion for new trial; (2) partially

sustaining the defendants' motion for directed verdict; (3) denying their motion to amend the petition; (4) refusing to instruct the jury on the theory that Braxton was a business invitee or to otherwise modify its instruction as to the defendants' duties; and (5) failing to instruct the jury under the standards of *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

## ANALYSIS

We initially point out that the plaintiffs' cause of action accrued in 1993, and therefore, our decision in *Heins* does not apply. In *Heins*, this court abolished the common-law distinction between licensees and invitees for determining the duties owed to persons entering premises. The court announced a new rule setting forth a list of factors "to be considered in evaluating whether a landowner or occupier has exercised reasonable care for the protection of lawful visitors." *Id.* at 761, 552 N.W.2d at 57. The new rule was made prospective in application, as the court stated it would be applied to causes of action arising after the filing of *Heins*. The rule set forth in *Heins* does not apply here.

The plaintiffs first argue that the defendants' trial testimony constituted judicial admissions of negligence and that, therefore, the trial court erred in not granting the plaintiffs' motion for a directed verdict on the issue of liability and in not granting the plaintiffs' posttrial motion for judgment notwithstanding the verdict on the same issue.

At trial, Eugene testified that he had made a mistake in failing to put away the knife and that he felt he was negligent and responsible for Braxton's accident. Lois testified that she felt she was negligent in failing to inspect the room before allowing Braxton to enter.

The plaintiffs assert both defendants also admitted that they knew Braxton did not appreciate the dangers of a carpet knife and that they had made a mistake in protecting him from such danger. The plaintiffs claim that the above statements were judicial admissions and therefore entitled them to a directed verdict on the issue of liability.

■ A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true. *Jorgensen v. State Nat. Bank & Trust*, 255 Neb. 241, 583 N.W.2d 331 (1998). The plaintiffs rely on *Southwestern Truck Sales & Rental Co. v. Johnson*, 165 Neb. 407, 417, 85 N.W.2d 705, 711 (1957), in which we stated:

> [W]here a party testifies clearly and unequivocally to a fact which is within his own knowledge, such testimony may be considered as a judicial admission. That rule has particular application where, as here, the parties so testifying made no effort to retract, qualify, or otherwise explain the positive force of their own evidence.

It is not disputed that both the defendants believed they were at fault for Braxton's injury. The issue is whether such statements entitled the plaintiffs to a judgment on the issue of liability.

Here, the defendants' statements that they felt responsible for the accident were their opinions, which may be considered by the jury. The statements are evidence of the parties' state of mind as to how they felt. However, these statements were not judicial admissions which would require a court to direct a verdict on the issue of liability.

Although their statements were admissible, they did not constitute judicial admissions which require the directing of a verdict against the defendants. The trial court did not err in denying the motion for a directed verdict based upon the defendants' statements that they felt they were negligent.

The plaintiffs next argue that the trial court erred in sustaining a partial directed verdict in favor of Lois. In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Fackler v. Genetzky*, 263 Neb. 68, 638 N.W.2d 521 (2002).

The plaintiffs had requested that jury instruction NJI2d Civ. 8.51 be read to the jury with regard to both the defendants. NJI2d Civ. 8.51 (2001) states in relevant part:

### INJURY TO CHILDREN, WHETHER TRESPASSER, LICENSEE OR BUSINESS VISITOR

Before the plaintiff can recover against the defendant . . . the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That there was (a, an artificial) condition on defendant's (premises), at a place where the defendant knew, or had reason to know, children were likely to be;

2. That the defendant knew, or had reason to know, of the existence of this condition;

3. That the defendant knew, or had reason to know, that the condition involved an unreasonable risk of death or serious bodily harm to children likely to be there.

The question is whether there was any evidence from which to infer that Lois knew or should have known that a dangerous condition existed. Lois stated that she knew Eugene had used a carpet knife in the storage room the night before the accident but that she did not have any reason to believe that the carpet knife had not been put away. Lois testified that she knew Eugene kept tools for his carpet business in a toolbox in the storage room. Eugene had not previously left knives lying around and had always put away the knives. Lois had never before seen a knife within Braxton's reach.

Giving all reasonable inferences to the plaintiffs, we cannot say that Lois knew or had reason to know of this dangerous condition. The trial court did not err in refusing to give the instruction to the jury regarding premises liability as to Lois or in granting a partial directed verdict on this issue.

 The plaintiffs next assert that the trial court erred in denying their motion to amend the petition. Permission to amend a pleading is addressed to the discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of discretion. *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997), *overruled on other grounds, Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000).

Amendment of a petition is not a matter of right. *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998).

At the close of the evidence, the plaintiffs moved to amend their petition to insert a business invitee allegation. The trial court sustained the defendants' objection because the amendment restructured the petition and contained a theory of recovery involving Lois on both supervision and premises liability. The court stated that all theories of recovery would be appropriately charged to the jury but later decided not to submit to the jury the plaintiffs' theory that Braxton had the status of a business invitee.

The plaintiffs argue that based on the evidence adduced at trial, Braxton was a business invitee because consideration had been paid or furnished by Michael for the babysitting services which the defendants had provided to Braxton. The defendants testified that Lois babysat as often as two or three times a week for short periods and that Michael would occasionally pay cash or sometimes do work for the defendants. Lois testified that she did not receive payment on this particular occasion. She enjoyed the opportunity to spend time with Braxton. The plaintiffs claim this arrangement was a quid pro quo and that the defendants received sufficient consideration to clothe Braxton with the status of being a business invitee while on the premises for babysitting purposes.

In *Palmtag v. Gartner Constr. Co.*, 245 Neb. 405, 415, 513 N.W.2d 495, 502 (1994), we stated: "In general, an invitee is a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or occupant for the mutual advantage of both parties." In *Skinner v. Ogallala Pub. Sch. Dist. No. 1*, 262 Neb. 387, 631 N.W.2d 510 (2001), we stated that if the invitation relates to the business of the one who gives it, or is given for the mutual advantage of a business nature for both parties, the party receiving the invitation is an invitee.

Contrary to the plaintiffs' assertion, we find that the evidence did not establish that Braxton was a business invitee or that the defendants were involved in a babysitting business. We cannot conclude that because the defendants enjoyed the company of Braxton, there was a mutual advantage of a business nature

between the parties. Braxton's visits to the defendants' home did not relate to a babysitting business operated by the defendants, and the relationship between the defendants and Braxton did not constitute a business venture. Thus, the trial court did not abuse its discretion in denying the plaintiffs' motion to amend their petition.

■ The plaintiffs also claim that the trial court erred in refusing to instruct the jury on the theory that Braxton was a business invitee or, in the alternative, in refusing to modify the instruction to include a duty to inspect the premises and protect Braxton from any dangerous conditions. To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *Mobeco Indus. v. City of Omaha*, 257 Neb. 365, 598 N.W.2d 445 (1999).

As previously discussed, there was no evidence to establish that Braxton was a business invitee on the defendants' premises. The plaintiffs failed to establish that this instruction was warranted by the evidence. Therefore, the trial court properly refused to so instruct the jury.

The plaintiffs argue that if the jury was not given a business invitee instruction, then the instruction given should have been modified to include a duty to inspect. The plaintiffs claim that even though the original petition did not specifically allege a failure to inspect, the other allegations of negligence are broad enough to encompass the duty to inspect. The plaintiffs argue that the instruction given by the trial court did not provide as much protection as the business invitee instruction and was therefore contrary to the law and public policy aimed at the protection of young children. The plaintiffs assert that in premises liability cases involving children, the jury should be instructed that the owner or occupier had a duty to inspect the premises.

The jury was instructed to assess whether Lois had negligently supervised Braxton. Lois testified that Eugene always put away his tools in the storage room and that he never left sharp items lying in low places. The evidence does not establish that Lois knew or should have known that there was a dangerous

condition existing on the premises which would impose a duty on her to inspect the home.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is affirmed.

AFFIRMED.