TONI E. MCCLURE, APPELLANT AND CROSS-APPELLEE, V.
WILTON AND EILEEN FORSMAN AND CROSSROADS FARMS, INC.,
APPELLEES AND CROSS-APPELLANTS.

662 N.W.2d 566

Filed June 6, 2003.   No. S-02-414.

Lyle Joseph Koenig, of Koenig Law Firm, and William D. Sutter, of Stephens & Sutter, for appellant.

Caroline M. Cooper and Daniel M. Placzek, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## I. NATURE OF CASE
This is the second appellate appearance of this case. The appellant, Toni E. McClure, was injured when her van slid into a ditch after she drove across a public highway that had been sprayed by water from a pivot irrigation system owned and operated by appellees, Wilton and Eileen Forsman and Crossroads Farms, Inc.

(collectively appellees). McClure sued appellees based on negligence in the district court for Hamilton County. Following a jury trial resulting in a defense verdict, the district court entered judgment for appellees. McClure appealed. See *McClure v. Forsman*, 9 Neb. App. 669, 617 N.W.2d 640 (2000). The Nebraska Court of Appeals concluded that the jury was instructed on a matter not supported by the pleadings or the evidence. The Court of Appeals reversed the judgment and remanded the cause for a new trial.

After a second trial, the jury again returned a verdict in favor of appellees. McClure filed a posttrial motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial, which the district court denied. Judgment was entered in conformity with the jury's verdict. McClure appeals, and appellees cross-appeal. For the reasons recited below, we affirm the decision of the district court. Because we affirm the district court's decision, we do not address the issue raised in appellees' cross-appeal.

## II. STATEMENT OF FACTS

On August 31, 1995, at approximately 6 a.m., McClure was driving her van along a gravel road in Hamilton County. She noticed something "very black" on the road in front of her. As McClure slowed down and attempted to maneuver around the "black" patch, she lost control of her van, which left the roadway and ended up on its side in a ditch. The "black" patch was later determined to be a pool of water created by appellees' center-pivot irrigation system's spraying water onto the roadway.

The accident was investigated by the Hamilton County Sheriff's Department, and Wilton was ticketed by the sheriff's department for violating Neb. Rev. Stat. § 39-301 (Reissue 1998), which prohibits, inter alia, "diverting water onto or across [a public] road so as to saturate, wash, or impair the . . . passability of such public road." Wilton pled guilty to the charge, which is a Class V misdemeanor, and paid a fine and court costs.

On July 21, 1997, McClure brought a negligence action against appellees. She filed an amended petition (petition) on December 24, 1998, which is the operative petition for purposes of trial and this appeal. In her petition, McClure claimed, inter alia, that because appellees' center-pivot irrigation system was spraying

water on the roadway, she lost control of her van and rolled her van into a ditch along the side of the road. McClure claimed that as a result of the accident, she sustained chronic cervical and lumbar strain injuries. McClure sought general damages for pain and suffering, permanent disability, loss of enjoyment of life, and lost earnings, as well as special damages for her medical bills and the damage to her van.

The case was originally tried to a jury on March 22 and 23, 1999, and the jury returned a verdict in favor of appellees. McClure appealed. On appeal, the Court of Appeals concluded that one of the jury instructions did not instruct the jury as to the issues presented by the pleadings and supported by the evidence. Accordingly, the Court of Appeals reversed the judgment and remanded the cause for a new trial. *McClure, supra.*

A new jury trial was conducted beginning on March 11, 2002, and continuing through March 13. The present appeal is taken from the second trial. During the trial, at the close of all the evidence, the district court denied McClure's motion for a directed verdict. In addition, during the jury instruction conference, the district court refused to give McClure's requested instruction No. 3. McClure's requested instruction No. 3 reads as follows:

> Defendant pleaded guilty to violating Nebraska Revised Statute §39-301. A plea of guilty creates the legal presumption that the Defendant did, in fact, violate the statute. For the Defendant to be excused from violating this statute, it is his burden to show facts which take him out of the scope of the statute as described in the previous instruction, namely, that Defendant did not "divert water onto or across such road so as to saturate, was[h], or impair the maintenance, construction, or passability of such public road. . .[.]"

The district court did, however, give the jury the following instruction No. 18:

> It is claimed that the defendant Wilton Forsman violated Nebraska Revised Statute § 39-301. A plea of guilty creates the legal presumption that the defendant did, in fact, violate the statute. The violation of a statute is evidence that you may consider, along with all of the other facts and circumstances in the case, in deciding whether or not there was any negligence.

Also during the jury instruction conference, appellees requested that the district court instruct the jury on the affirmative defense of McClure's contributory negligence, based upon McClure's alleged failure to keep and maintain a proper lookout, failure to maintain control of her van, and failure to drive at a speed that was reasonable and proper under the circumstances. The district court refused appellees' requested contributory negligence instruction.

The case was given to the jury at approximately 11:30 a.m. on March 13, 2002. At 3:45 p.m., the jury returned a unanimous verdict in favor of appellees. McClure filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial, which was denied. McClure appeals, and appellees cross-appeal.

### III. ASSIGNMENTS OF ERROR

McClure claims, renumbered and restated, that the district court erred (1) in overruling her motion for a directed verdict and her motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial; (2) in refusing to give her requested jury instruction No. 3 regarding the effect of Wilton's guilty plea for violating § 39-301; and (3) in giving jury instruction No. 18. On cross-appeal, appellees claim the district court erred in refusing to instruct the jury on McClure's alleged contributory negligence.

### IV. STANDARDS OF REVIEW

When a motion for directed verdict made at the close of all the evidence is overruled by the trial court, appellate review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence, and the issues should be decided as a matter of law. *Moyer v. Nebraska City Airport Auth.*, 265 Neb. 201, 655 N.W.2d 855 (2003); *Jay v. Moog Automotive*, 264 Neb. 875, 652 N.W.2d 872 (2002). To sustain a motion for judgment notwithstanding the verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Moyer, supra; Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744

(2002). A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Moyer, supra*; *Bowley v. W.S.A., Inc.*, 264 Neb. 6, 645 N.W.2d 512 (2002).

■ To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. See, *Farmers Mut. Ins. Co. v. Kment*, 265 Neb. 655, 658 N.W.2d 662 (2003); *Reicheneker v. Reicheneker*, 264 Neb. 682, 651 N.W.2d 224 (2002).

## V. ANALYSIS

### 1. MOTION FOR DIRECTED VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT OR, ALTERNATIVELY, MOTION FOR NEW TRIAL

McClure claims that the district court erred in failing to sustain her motion for a directed verdict made at the close of all the evidence and in failing to sustain her motion for judgment notwithstanding the verdict or, in the alternative, her motion for new trial. On appeal, McClure asserts that appellees were negligent as a matter of law, arguing that "[a] reasonably careful person would not put water on a public road . . . in complete disregard to [sic] the safety of the public." Brief for appellant at 12. In particular, McClure argues that appellees "watered [the] road . . . all the time, and had done so for years. Two completely disinterested witnesses both testified that this road was always wet, during irrigation season, on a weekly basis." Brief for appellant at 12-13. In support of her first assignment of error, McClure claims that

there is no relevant evidence upon which a reasonable mind could conclude that [appellees] were not negligent. . . .

It is clear from [the] record that the evidence is insufficient to sustain a verdict in favor of [appellees]. For that reason, the trial court should have directed a verdict, sustained the motion for judgment notwithstanding the verdict, or granted a new trial.

Brief for appellant at 20. Contrary to McClure's assertion, a review of the record shows that there is a dispute in the evidence

which precluded entry of a directed verdict and which supports the district court's ruling denying McClure's posttrial motions.

We have previously stated that "[o]rdinary negligence is defined as the doing of something that a reasonably careful person would not do under similar circumstances or the failing to do something that a reasonably careful person would do under similar circumstances." *Drake v. Drake*, 260 Neb. 530, 541, 618 N.W.2d 650, 660 (2000). We have also recognized, however, that "[o]ne cannot be held responsible on the theory of negligence for an injury caused by an act or omission unless the negligent tort-feasor had knowledge or was reasonably charged with knowledge that the act or omission involved danger to another." *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 819-20, 428 N.W.2d 914, 918 (1988).

In the instant case, Wilton testified that he had no notice prior to August 31, 1995, that appellees' center-pivot irrigation system was spraying water onto the road, making the road wet. Wilton testified that he disagreed with the testimony of other witnesses that appellees' irrigation system had made the road wet periodically throughout the summer. Furthermore, in answer to the question "[t]o your knowledge, was this road wet in this spot from this pivot at anytime before the morning of the accident on August 31st, 1995?" Wilton responded, "Not to my knowledge."

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Walls v. Shreck*, 265 Neb. 683, 658 N.W.2d 686 (2003). Furthermore, to sustain a motion for judgment notwithstanding the verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Moyer v. Nebraska City Airport Auth.*, 265 Neb. 201, 655 N.W.2d 855 (2003); *Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744 (2002). A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Moyer, supra*; *Bowley v. W.S.A., Inc.*, 264 Neb. 6, 645 N.W.2d 512 (2002).

Contrary to McClure's assertion, there was a dispute in the evidence as to whether the section of the roadway upon which McClure was traveling at the time of her accident was frequently

wet and whether appellees had knowledge or could be charged with knowledge of the roadway's wet condition on the day of the accident and prior thereto. Because there was a dispute in the record and reasonable minds could draw more than one conclusion from the evidence, we conclude that the district court did not err in denying McClure's motion for a directed verdict, see *Walls, supra,* and further did not err in denying McClure's motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. See *Moyer, supra.* Accordingly, there is no merit to this assignment of error.

## 2. JURY INSTRUCTIONS

### (a) McClure's Requested Jury Instruction No. 3

McClure claims that the district court erred in failing to give the jury her requested jury instruction No. 3, which reads as follows:

> Defendant pleaded guilty to violating Nebraska Revised Statute §39-301. A plea of guilty creates the legal presumption that the Defendant did, in fact, violate the statute. For the Defendant to be excused from violating this statute, it is his burden to show facts which take him out of the scope of the statute as described in the previous instruction, namely, that Defendant did not "divert water onto or across such road so as to saturate, was[h], or impair the maintenance, construction, or passability of such public road. . .[.]"

McClure claims that the basis for her requested instruction was this court's decision in *Tapp v. Blackmore Ranch,* 254 Neb. 40, 575 N.W.2d 341 (1998). McClure's reliance on *Tapp* is misplaced, and the district court did not err in refusing to give McClure's requested instruction No. 3.

To establish reversible error from a court's refusal to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the requested instruction. See, *Farmers Mut. Ins. Co. v. Kment,* 265 Neb. 655, 658 N.W.2d 662 (2003); *Reicheneker v. Reicheneker,* 264 Neb. 682, 651 N.W.2d 224 (2002).

As noted, McClure relies on *Tapp* as the source of her refused instruction. *Tapp* is inapposite. *Tapp* was a negligence case involving, inter alia, the propriety of certain jury instructions where it was claimed that a party's conduct violated a statute pertaining to the rules of the road and that such violation was evidence of negligence. We approved that portion of a proposed instruction which, under the facts of that case, properly stated that once a prima facie violation of the statute had been established, it was incumbent on the party so implicated to show facts that took him or her out of the scope of the statute.

In contrast to *Tapp*, which involved a disputed claim that the opposing party had violated a statute, in the instant case, there was no dispute that Wilton had been convicted of violating § 39-301. Indeed, in his testimony, Wilton admitted that he had pled guilty and paid a fine. Unlike *Tapp*, in the instant case, the statutory violation was undisputed and, thus, McClure's tendered instruction No. 3, regarding, inter alia, the "Defendant's" shifting burden, was not warranted by the evidence, *Farmers Mut. Ins. Co., supra*, and would have confused the jury. See *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998). The district court properly refused to give McClure's proposed instruction No. 3.

### (b) Jury Instruction No. 18

McClure claims the district court erred in giving jury instruction No. 18, which reads as follows:

> It is claimed that the defendant Wilton Forsman violated Nebraska Revised Statute § 39-301. A plea of guilty creates the legal presumption that the defendant did, in fact, violate the statute. The violation of a statute is evidence that you may consider, along with all of the other facts and circumstances in the case, in deciding whether or not there was any negligence.

The record reflects that during the jury instruction conference, counsel for McClure specifically stated that he had "[n]o objection" to instruction No. 18. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *Nebraska*

*Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001); *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). Accordingly, we review instruction No. 18 for plain error and find none.

Instruction No. 18 is generally based on NJI2d Civ. 3.03. However, the district court deviated from pattern jury instruction No. 3.03 by omitting a sentence which states that a statutory violation does "not necessarily prove negligence" and further deviated from instruction No. 3.03 by injecting language derived from McClure's proposed jury instruction No. 3 to the effect that a defendant's plea of guilty to the charge of a statutory violation creates the legal presumption that the defendant did, in fact, violate the statute.

Although we have stated that the Nebraska pattern jury instructions are to be used whenever applicable, *Tank v. Peterson*, 228 Neb. 491, 423 N.W.2d 752 (1988), we have recognized that a failure to use the pattern jury instructions does not require reversal. See, generally, *Nguyen v. Rezac*, 256 Neb. 458, 590 N.W.2d 375 (1999). In the instant case, to the extent the district court deviated from the pattern instruction, it did so in McClure's favor. Plain error

> exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

*In re Grand Jury of Douglas Cty.*, 263 Neb. 981, 989-90, 644 N.W.2d 858, 864 (2002). McClure was not prejudiced by the district court's giving of instruction No. 18, and the result is not unjust. Therefore, the giving of such instruction did not constitute plain error. Accordingly, we find no merit to this assignment of error.

### 3. CROSS-APPEAL

Because we affirm the district court's decision entering judgment in conformity with the jury verdict in favor of appellees and against McClure, we do not address the issue raised in appellees' cross-appeal.

## VI. CONCLUSION

For the reasons set forth above, we find no merit in McClure's claims that the district court erred in denying McClure's motion for directed verdict and motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial, and further erred in its instructions to the jury. We affirm the district court's decision entering judgment in conformity with the jury verdict in favor of appellees and against McClure.

AFFIRMED.