AARON FERER AND ROBIN MONSKY, APPELLANTS AND CROSS-APPELLEES, V. AARON FERER & SONS CO., A NEBRASKA CORPORATION, ET AL., APPELLEES AND CROSS-APPELLANTS.
725 N.W.2d 168

Filed December 22, 2006.   No. S-05-954.

James D. Sherrets and Jason M. Bruno, of Sherrets & Boecker, L.L.C., for appellants.

Thomas J. Culhane, of Erickson & Sederstrom, P.C., for appellee Aaron Ferer & Sons Co.

Michael A. Nelsen, of Hillman, Forman, Nelsen, Childers & McCormack, for appellees Matthew Ferer and Whitney Ferer.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Appellants, Aaron Ferer and Robin Monsky, are shareholders of Aaron Ferer & Sons Co. (AFS). Appellants initiated this action on August 15, 2001, in the district court for Douglas County against appellee AFS and additional appellees Matthew Ferer and Whitney Ferer, Aaron's brothers and members of the board of directors of AFS. Appellants' fourth amended complaint is the operative complaint for purposes of this appeal (complaint). In their complaint, appellants allege eight "causes of action." Relevant to this appeal are appellants' first through sixth "causes of action," which, in summary, sought (1) to compel appellees to comply with Nebraska's Business Corporation Act dissenters' rights statutes, Neb. Rev. Stat. § 21-20,137 et seq. (Reissue 1997) (dissenters' rights statutes) by providing appellants with dissenters' rights, which would result in appellants' receiving the fair value of their AFS shares of stock from AFS, (2) to compel appellees to pay to appellants their pro rata share of proceeds from the sale of certain AFS assets; and (3) to receive prejudgment interest from appellees.

In the course of litigation, appellants asserted they were entitled to their dissenters' rights pursuant to § 21-20,138(1)(c) as a result of certain sale transactions entered into by AFS, and pursuant to § 21-20,138(1)(e) as a result of a notice AFS provided

to its shareholders of a special meeting during which shareholders would vote on whether to approve the sale transactions. Appellants claimed that they were also entitled to their share of sale proceeds because they had satisfied all of the necessary requirements to receive the distribution of such proceeds. Finally, appellants claimed they were entitled to prejudgment interest on the unpaid proceeds.

The parties each filed motions for summary judgment, which the district court treated as cross-motions for summary judgment on appellants' first through sixth "causes of action." Following an evidentiary hearing, the district court, in summary, denied appellants' claim that they were entitled to dissenters' rights, ordered appellees to pay appellants their pro rata share of the sale proceeds, plus certain interest, and denied appellants' claim for prejudgment interest. The district court issued an order pursuant to Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2006) indicating that there was no reason for delay and entering judgment on the first through sixth "causes of action." This appeal and cross-appeal followed.

We determine that the district court did not err in denying appellants' claim that they were entitled to dissenters' rights claimed under § 21-20,138(1)(c) and (e). We further determine that the district court did not err in denying appellants prejudgment interest. Finally, we conclude that the district court did not err in ordering appellees to pay to appellants their pro rata share of the sale proceeds. In view of our determinations, we affirm the rulings of the district court and we do not reach appellees' cross-appeal.

## STATEMENT OF FACTS

This case shares many of the underlying facts set forth in *State ex rel. Columbus Metal v. Aaron Ferer & Sons, ante* p. 758, 725 N.W.2d 158 (2006), the mandamus action. Because the record in this case contains many of the same facts as those set out in the mandamus action, we repeat the following facts recited in that opinion:

> AFS is a Nebraska corporation, with its principal place of business in Omaha, Nebraska. Prior to the fall of 2001, the corporate headquarters of AFS were located at 909

Abbott Drive, where AFS owned an approximately 14-acre scrapyard on which it operated a scrap metal business, among other enterprises. Appellants [are] AFS shareholders. Matthew and Whitney are also AFS shareholders, and they own approximately 70 percent of the stock of AFS.

In the mid-1990's, the City of Omaha became interested in purchasing AFS' Abbott Drive property for redevelopment purposes. AFS resisted the city's efforts until March 2001, when, under threat of condemnation from the city, AFS entered into a real estate purchase agreement with the Omaha Development Foundation which was operating on behalf of the city of Omaha. AFS agreed to sell its Abbott Drive property to the city for $14 million (the City of Omaha agreement). The $14 million amount was composed of $6 million for the purchase of the property and $8 million for relocation assistance. The agreement was signed on March 10 and required AFS to vacate the property by September 25.

At the time AFS entered into the City of Omaha agreement, it was engaged in three lines of business: the purchasing and processing of scrap metal, which business it conducted at its scrapyard on Abbott Drive (the scrap metal operation); the trading of ferrous and nonferrous metals, which business it conducted in Omaha as well as in China and South America (the metal trading operation); and the demilitarization of military ordnance, which business it conducted . . . in Omaha [and elsewhere] (the demilitarization operation). The scrapyard was not necessary to either the metal trading or the demilitarization operations. In the time period from 1992 to 2001, the metal trading and demilitarization operations constituted approximately 80 percent of AFS' sales and more than 90 percent of its profits. The scrap metal operation was profitable 4 out of the 9 years and produced less than 7 percent of AFS' total profits during that time period.

Because of concerns about finding a new location from which it could operate its scrap metal operation following the sale of its Abbott Drive property, on March 7, 2001, AFS entered into an agreement with Alter Trading Corporation to

sell to that company certain inventory and equipment related to the scrap metal operation for approximately $1.5 million (the Alter agreement).

Despite entering into the City of Omaha and Alter agreements, AFS retained significant business assets. Notably, the AFS assets relating to the profitable metal trading and demilitarization operations were not included in the sale agreements. AFS retained approximately $3 million in inventory, its accounts receivable, its trade name, certain office furniture and equipment, and its corporate goodwill. AFS excluded these items in anticipation of finding suitable property to relocate its retained metal trading and demilitarization operations. These two operations were in fact relocated and continued to operate.

Because AFS was not certain in March 2001, however, that it could relocate successfully before September 25 and thus might subsequently need to liquidate all of its operations, AFS sent out a notice on March 27, 2001, to all shareholders, including appellants, of a special shareholders' meeting to be held on April 13, 2001. As indicated in the notice, the purpose of the meeting was to vote on the approval of the City of Omaha and Alter agreements. The notice also advised the shareholders that AFS "will continue to do business after the consummation of the [City of Omaha and Alter agreements]" but that "a sale of all or substantially all of" the property of AFS under Neb. Rev. Stat. § 21-20,136 (Reissue 1997) of Nebraska's Business Corporation Act could occur. Section 21-20,136 provides, inter alia, that "[a] corporation may sell . . . all, or substantially all, of its property . . . otherwise than in the usual and regular course of business . . . if the board of directors proposes and its shareholders approve the proposed transaction." Thus, the notice advised shareholders of the vote on the City of Omaha and Alter agreements and generally advised the shareholders of the existence of dissenters' rights, which, when properly exercised, would provide to dissenters the fair value of their AFS shares in the event of a sale of all or substantially all of the property of AFS, which sale would cause AFS to cease its operations.

At the April 13, 2001, special shareholders' meeting, appellants provided written notice pursuant to § 21-20,141 of their intent to dissent from the City of Omaha and Alter agreements. The agreements were approved at the shareholders' meeting, and the sales transactions were finalized.

In July 2001, AFS found a suitable site at 155 Ida Street in Omaha to relocate its business operations. On August 1, AFS sent notice to its shareholders that it would be relocating to a new site and that it would continue to conduct its metal trading and demilitarization operations. In the August 1 notice, AFS informed shareholders that a portion of the proceeds from the City of Omaha and Alter agreements would be distributed to shareholders pursuant to a plan of partial liquidation. According to the August 1 notice, "[e]ach Shareholder, in addition to receiving their [sic] share of the net proceeds of the sale, will continue to retain ownership of all of their [sic] shares in [AFS]."

*State ex rel. Columbus Metal v. Aaron Ferer & Sons, ante* p. 758, 760-62, 725 N.W.2d 158, 161-62 (2006).

Included in the August 1, 2001, notice was a "Request for Payment Form" that each shareholder was required to execute and return to AFS in order to receive that shareholder's pro rata share of the sale proceeds. The form included such information as the "Shareholder Name" and the "Number of Shares Owned," and required the shareholder to sign a certification that the information included in the form was "true, correct, and complete."

On August 15, 2001, appellants filed the instant action, seeking, inter alia, a declaration of dissenters' rights with respect to the sale transactions. In the course of litigation, appellants claimed, in effect, that the City of Omaha and Alter agreements constituted a sale of all or substantially all of the property of AFS and that, thus, they were entitled to dissenters' rights under § 21-20,138(1)(c) (dissenters' rights triggered by sale of all or substantially all of corporation property). Alternatively, appellants claimed that the March 27, 2001, notice to shareholders created dissenters' rights under § 21-20,138(1)(e) (dissenters' rights triggered by provisions in articles of incorporation, bylaws, or resolution).

In late September 2001, AFS completed its purchase of the Ida Street property and moved its continuing business operations to the new location. In March 2002, AFS distributed $12.83 per share to those shareholders who had submitted the request for payment forms. The $12.83 represented a pro rata share of the proceeds from the City of Omaha and Alter agreements. Although appellants had completed and submitted their request for payment forms, they requested that receipt of their payment be subject to the condition that their acceptance of the distribution would not prejudice their claim of dissenters' rights in their pending lawsuit. Viewing appellants' claims for both dissenters' rights and a shareholder's pro rata share of the sale proceeds as "irreconcilable," AFS deposited appellants' share of the sale proceeds in an interest-bearing escrow account, pending the outcome of appellants' litigation.

Appellants filed their fourth amended complaint on April 8, 2004. In their complaint, appellants set forth eight "causes of action." The present appeal concerns only the first through sixth "causes of action," and accordingly, we will not further discuss the seventh or eighth "causes of action." Appellants' first through sixth "causes of action" are phrased variously. Taking the first through sixth "causes of action" together, appellants seek dissenters' rights pursuant to § 21-20,138(1)(c) and (e), their pro rata share of the sale proceeds that were distributed to shareholders, and prejudgment interest.

The parties each filed motions for summary judgment, which the district court treated as cross-motions for partial summary judgment on appellants' first through sixth "causes of action." An evidentiary hearing was held on November 23, 2004. Numerous exhibits were received into evidence, including documents pertaining to the financial condition of AFS.

In an order filed April 28, 2005, the district court determined that appellants were not entitled to dissenters' rights under either § 21-20,138(1)(c) or (e). The district court found that the City of Omaha and Alter agreements did not constitute the sale of all or substantially all of the property of AFS under § 21-20,138(1)(c), because the sales did not prevent the company from continuing to do substantial business. The district court further determined that there was no evidence of any action taken by an article of

incorporation, bylaw, or corporate resolution that authorized dissenters' rights under § 21-20,138(1)(e). The court also found that the March 27, 2001, notice did not create dissenters' rights. Finally, the district court found that appellants were entitled to receive their pro rata share of the sale proceeds and ordered appellees to pay appellants their share of those proceeds "plus interest."

After the district court's order was filed, the parties filed a series of posthearing motions. Appellants filed a motion to alter or amend judgment, which the district court denied. Both parties filed motions seeking clarification as to the sale proceeds amounts and interest to be paid to appellants. The district court sustained these motions to the extent that it ordered appellees to distribute to appellants their pro rata share of the sale proceeds deposited by appellees in the interest-bearing escrow account, along with the interest that had accrued on that account. Prejudgment interest was not awarded to appellants. Finally, the district court sustained appellants' motion under § 25-1315, indicating that there was no reason for delay and entered judgment on the first through sixth "causes of action." This appeal and cross-appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, appellants have assigned three errors. Appellants claim, restated, that the district court erred (1) in granting appellees' motions for summary judgment, dismissing appellants' first through sixth "causes of action," and denying appellants' motion for summary judgment; (2) in overruling their motion to alter or amend judgment, and (3) in failing to award appellants prejudgment interest under Neb. Rev. Stat. § 45-103.02(2) (Reissue 2004).

On cross-appeal, appellees assign one error. Appellees claim that in the event appellants are successful on appeal and this court reverses the district court's order granting summary judgment in favor of appellees and dismissing appellants' dissenters' rights claims, the district court erred in ordering appellees to distribute the sale proceeds plus interest to appellants.

## STANDARDS OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine

issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *National Am. Ins. Co. v. Constructors Bonding Co., ante* p. 169, 719 N.W.2d 297 (2006). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

▪ Whether prejudgment interest should be awarded is reviewed de novo on appeal. *Gerhold Concrete Co. v. St. Paul Fire & Marine Ins.*, 269 Neb. 692, 695 N.W.2d 665 (2005).

## ANALYSIS
*District Court's Rulings on Appellants' Motion for Summary Judgment and Motion to Alter or Amend Judgment.*

In support of their first and second assignments of error, appellants argue that the City of Omaha and Alter agreements and the March 27, 2001, notice AFS sent to its shareholders triggered dissenters' rights and that they were thus entitled to receive the fair value of their AFS stock. Appellants claim on appeal that the district court erred when it overruled appellants' motion for summary judgment and dismissed appellants' first through sixth "causes of action" and further erred when it denied appellants' motion to alter or amend judgment. For the sake of completeness, we note that appellants do not challenge on appeal that portion of the district court's decision that ordered appellees to distribute to appellants their pro rata share of the sale proceeds that had been deposited in the interest-bearing escrow account.

We have considered appellants' arguments. The issues presented to this court in appellants' first and second assignments of error are essentially a claim that given the facts in this case, they were entitled to and wrongly denied dissenters' rights. We addressed such issue in the mandamus action, *State ex rel. Columbus Metal v. Aaron Ferer & Sons, ante* p. 758, 725 N.W.2d 158 (2006), in which we concluded that dissenters' rights were not indicated under § 21-20,138(1)(c) and (e). Our reasoning in the mandamus action has equal application to this case, and no purpose would be served in reiterating it here. Therefore, viewing the evidence in the light most favorable to

appellants and giving appellants the benefit of all reasonable inferences deducible from the evidence, see *National Am. Ins. Co. v. Constructors Bonding Co., supra,* for the reasons detailed in *State ex rel. Columbus Metal,* we conclude that the district court did not err when it overruled appellants' motion for summary judgment seeking dissenters' rights, and we affirm the district court's order dismissing appellants' first through sixth "causes of action." We further determine that the district court did not err in overruling appellants' motion to alter or amend judgment, which effectively raised the same issue. Accordingly, we determine that appellants' first and second assignments of error are without merit.

*Prejudgment Interest on Sale Proceeds.*

For their third assignment of error, appellants claim that the district court erred in failing to award appellants prejudgment interest pursuant to § 45-103.02(2), which provides that "[e]xcept as provided in section 45-103.04, interest as provided in section 45-104 shall accrue on the unpaid balance of liquidated claims from the date the cause of action arose until the entry of judgment."

Appellants claim that there was no disagreement regarding the amounts of the sale proceeds owed to appellants, because those amounts were based simply on appellants' pro rata share as shareholders of AFS stock. Appellants further note that they complied with the requirement that they submit the request for payment form. Accordingly, appellants argue that their claim was "liquidated" and that the district court erred in failing to award them prejudgment interest under § 45-103.02(2). Appellees respond that although there was no dispute as to the amount of sale proceeds appellants would receive under a pro rata distribution of those proceeds, by conditioning their receipt of the payment of those proceeds on their continued ability to seek dissenters' rights, appellants "created a reasonable controversy" with regard to their entitlement to the sale proceeds. See brief for appellee AFS on cross-appeal at 36. Because of this controversy, appellees argue in effect that appellants' claim was not "liquidated" and that, thus, the district court did not err in declining to award appellants prejudgment interest under § 45-103.02(2). We agree with

appellees' argument that appellants' claim was not "liquidated," and accordingly, we affirm the district court's decision denying appellants' claim for prejudgment interest under § 45-103.02(2).

■ When discussing the award of prejudgment interest under § 45-103.02(2), this court has previously stated that

> such interest is recoverable only when the claim is liquidated, that is, when there is no reasonable controversy as to either plaintiff's right to recover or the amount of such recovery. . . . A two-pronged inquiry is required. There must be no dispute either as to the amount due or as to the plaintiff's right to recover, or both.

(Citations omitted.) *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 482, 507 N.W.2d 465, 477 (1993). See, also, *Blue Valley Co-op v. National Farmers Org.*, 257 Neb. 751, 764, 600 N.W.2d 786, 796 (1999) (stating that under § 45-103.02(2), "[l]iquidated claims are those where there is no reasonable controversy as to the plaintiff's right to recover or as to the amount of such recovery" and that "unliquidated claims are those where the plaintiff's right to recover or the amount of such recovery is subject to a reasonable controversy").

In the instant case, appellants conditioned their receipt of the sale proceeds upon their continued ability to pursue their dissenters' rights litigation. By electing to pursue their litigation for dissenters' rights and refusing to receive the payment of their pro rata share of the sale proceeds, appellants in this case created a reasonable controversy with regard to their right to receive the sale proceeds. Appellants' claim was, therefore, not "liquidated" as that term is used in § 45-103.02(2), and the district court did not err in declining to award prejudgment interest pursuant to § 45-103.02(2). Accordingly, there is no merit to appellants' third assignment of error, and we affirm the decision of the district court.

*Appellees' Cross-Appeal.*

Because we have affirmed the district court's decisions challenged by appellants, we need not address the issue raised in appellees' cross-appeal. See *Schumacher v. Johanns, ante* p. 346, 722 N.W.2d 37 (2006).

## CONCLUSION

Appellants were not entitled to receive dissenters' rights either as a result of the sale of the property of AFS under the City of Omaha and Alter agreements or as a result of the March 27, 2001, notice AFS sent to its shareholders seeking shareholder approval of the agreements. The district court did not err when it overruled appellants' motion for summary judgment and motion to alter or amend judgment and dismissed appellants' first through sixth "causes of action." Because there existed a reasonable controversy as to appellants' claim to the sale proceeds, the district court did not err in declining to award prejudgment interest to appellants under § 45-103.02(2). The district court's decisions are affirmed.

AFFIRMED.

HEAVICAN, C.J., and McCORMACK, J., not participating.