278 Neb. 282
AARON FERER AND ROBIN MONSKY, APPELLANTS, AND
SHARON MONSKY, APPELLEE,
v.
AARON FERER & SONS CO., A NEBRASKA CORPORATION, ET AL., APPELLEES.
No. S-08-534.
Supreme Court of Nebraska.
Filed August 7, 2009.
James D. Sherrets and Jason M. Bruno, of Sherrets & Boecker, L.L.C., for appellants.
Thomas J. Culhane and Heather B. Veik, of Erickson & Sederstrom, P.C., for appellee Aaron Ferer & Sons Co.
Michael A. Nelsen, of Hillman, Forman, Nelsen, Childers & McCormack, for appellees Matthew Ferer and Whitney Ferer.
HEAVICAN, C.J., CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
Aaron Ferer and Robin Monsky (collectively appellants) are shareholders of Aaron Ferer & Sons Co. (AFS). They initiated an action in 2001 against Matthew Ferer, Whitney Ferer, and AFS (collectively appellees) in Douglas County District Court.
Appellants' fourth amended complaint asserted eight causes of action. The first six were dismissed on summary judgment, and we affirmed the dismissal in Ferer v. Aaron Ferer & Sons (Ferer I).[1] Following our decision, appellants voluntarily dismissed their seventh cause of action. The district court subsequently denied appellants' motion to amend their fourth amended complaint and granted appellees' motion for summary judgment on the remaining eighth cause of action. The court dismissed appellants' fourth amended complaint, and this appeal followed.

BACKGROUND
The operative complaint at issue in both Ferer I and the case at bar is appellants' fourth amended complaint, which set forth eight causes of action: (1) declaratory judgment regarding dissenters' rights, (2) estoppel of AFS from asserting that appellants have no dissenters' rights, (3) statutory claim for a dividend, (4) breach of fiduciary duty and statutory duty by Matthew Ferer and Whitney Ferer, (5) specific performance compelling payments to appellants, (6) involuntary liquidation, (7) violation of applicable state securities laws, and (8) breach of fiduciary duty and theft of a corporate opportunity. The first six causes of action sought to compel appellees to comply with the dissenters' rights provisions of the Business Corporation Act.[2] Appellants sought to receive the value of their shares of stock from AFS, compel appellees to pay appellants their pro rata share of the proceeds from the sale of certain AFS assets, and receive prejudgment interest.[3]
In Ferer I, the parties filed cross-motions for partial summary judgment, and the district court sustained appellees' motion and dismissed appellants' first six causes of action. It also sustained in part appellants' motion for partial summary judgment. It ordered AFS to pay appellants for their company shares under a plan of distribution that had been adopted by AFS. This court affirmed the district court's dismissal of appellants' first six causes of action in Ferer I.
Following our decision in Ferer I, AFS moved for summary judgment on the remaining two causes of action. It argued that appellants lacked standing to assert the remaining causes of action. Appellants then sought leave to file a fifth amended complaint, alleging discovery of new evidence of fraud by Matthew Ferer and Whitney Ferer. The fifth amended complaint attached to the motion alleged causes of action for "Breach of Fiduciary Duty [by] Theft of Corporate Opportunities" and "Involuntary Liquidation."
All parties moved for summary judgment on the remaining two causes of action under the fourth amended complaint. At a subsequent hearing, appellants claimed they were entitled to pursue their claim for involuntary liquidation under either their fourth or proposed fifth amended complaint.
Appellants claimed that the district court's dismissal of their sixth cause of action was inadvertent and that, therefore, it should not have been treated as dismissed. Appellants also claimed that the court's order of dismissal should have been vacated because of newly discovered evidence, an affidavit from a former AFS employee. In the affidavit, the employee stated that while he worked for AFS, Matthew Ferer engaged in the practice of understating the company's inventory. The court stated that it would consider the motion for summary judgment only as to the eighth cause of action.
Subsequently, appellants filed a motion for an order nunc pro tunc, requesting that the district court reinstate their sixth cause of action. Appellants voluntarily dismissed their seventh cause of action.
After evidentiary hearings on all motions, the district court entered judgment denying appellants' motion for an order nunc pro tunc, because the dismissal of the sixth cause of action was intended and was not inadvertent. It also denied appellants' motion to amend their fourth amended complaint, sustained appellees' motion for summary judgment on the eighth cause of action, and dismissed as moot appellants' motion for summary judgment on their eighth cause of action.
In granting summary judgment, the district court found:
It is clear from the allegations and prayer for relief in the Eighth Cause of Action, that [appellants] are asserting a claim belonging to [AFS]. [Appellants] are required to bring a derivative claim . . . for [AFS] in the name of [AFS] and not in their own names. In addition, Neb. Rev. Stat. §21-2071 provides that a shareholder may not commence or maintain a derivative proceeding unless the shareholder adequately represents the interest of the corporation in enforcing the right of the corporation. It is [sic] already been determined that [appellants'] personal interests are in the forefront of the litigation against [AFS] and that, as a result, cannot properly represent the interest of [AFS] in a derivative action as required by Neb. Rev. Stat. § 21-2071 ([R]eissue 1997). See Ferer v. Erickson & Sed[er]strom, PC., 272 Neb. 113, 718 N.W.2d 501 (2006). As noted, the [appellants'] Eighth Cause of Action fails as the [appellants] did not bring this cause of action as representatives of the corporation.
The district court sustained appellees' motions for summary judgment. With the dismissal of the eighth cause of action, all of appellants' causes of action had been dismissed, and the court dismissed the fourth amended complaint.

ASSIGNMENTS OF ERROR
Appellants claim, summarized and restated, that the district court erred in failing to grant their motion for summary judgment, in refusing to grant appellants leave to amend their complaint, in refusing to grant appellants' motion for an order nunc pro tunc, and in granting appellees' motion for summary judgment.

STANDARD OF REVIEW
[1] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and the court gives that party the benefit of all reasonable inferences deducible from the evidence.[4]
[2] Permission to amend a pleading is addressed to the discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of discretion.[5]

ANALYSIS
Appellants claim the district court erred in failing to grant their motion for summary judgment and to grant their request to judicially dissolve the company. This argument is without merit. Appellants sought involuntary liquidation in the sixth cause of action of the complaint in Ferer I. That cause of action was dismissed by the district court, and the dismissal was affirmed by this court in Ferer I. The issue of involuntary liquidation of AFS has been litigated and decided. The doctrine of res judicata bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.[6]
Appellants next argue that the district court erred in failing to grant their motion for summary judgment on the issue of breach of fiduciary duty. Their cause of action for breach of fiduciary duty by theft of a corporate opportunity alleged that Matthew Ferer and Whitney Ferer purchased company stock from minority shareholders and received consulting fees while acting as directors of AFS. Appellants requested that the consulting fees be considered corporate assets. The court sustained appellees' motion for summary judgment because appellants asserted a claim that belonged to AFS.
[3] The district court also concluded that appellants lacked standing to assert the breach of fiduciary duty claims against Matthew Ferer and Whitney Ferer. The eighth cause of action alleged wrongs committed by Matthew Ferer and Whitney Ferer against AFS. Standing is the legal or equitable right, title, or interest in the subject matter of a controversy. Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.[7]
[4, 5] The issue is whether appellants or AFS had the right to bring an action for wrongs allegedly done to AFS or its property. Generally, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property.[8] Such a cause of action is in the corporation and not the shareholders.[9] The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation.[10] Because this cause of action was not brought in the name of AFS, it did not meet the requirements of a derivative action.
Previously, we held that appellants did not represent the interests of AFS. In Ferer v. Erickson, Sederstrom,[11] we determined that the personal interests of Aaron Ferer and Robin Monsky were at the forefront of the litigation against AFS and that, as a result, they could not properly represent the interests of AFS in a derivative action, as required by Neb. Rev. Stat. § 21-2071 (Reissue 2007). Therefore, the district court was correct in granting summary judgment on the eighth cause of action.
[6] Appellants argue that the district court erred in refusing to grant them leave to amend their complaint. Permission to amend a pleading is addressed to the discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of discretion.[12] Amendment of a complaint is not a matter of right.[13]
Appellants' proposed fifth amended complaint attempted to resurrect their sixth cause of action for involuntary liquidation, the dismissal of which was affirmed by this court in Ferer I. Appellants now claim new grounds for their cause of action for involuntary liquidation, based upon the affidavit of a company manager who stated that Matthew Ferer and Whitney Ferer undervalued the inventory of the company. The affiant was AFS' general manager during the 18 months that Aaron Ferer served as vice president of AFS. This allegation was not set forth in the fourth amended complaint.
The record indicates that Aaron Ferer made claims to AFS' accountants relating to the company's inventory in 2002, which was well before the fourth amended complaint was filed. In February or March 2002, Aaron Ferer complained that AFS' inventory was being inaccurately recorded. This was more than 5 years before appellants attempted to assert these claims in their proposed fifth amended complaint. We conclude the district court did not abuse its discretion by denying the motion for leave to file a fifth amended complaint.
Appellants also claim the district court erred in denying their motion for an order nunc pro tunc reinstating their sixth cause of action for involuntary liquidation. In its order of April 22, 2008, the court expressly stated that it intended to dismiss the sixth cause of action and that the dismissal was "no mistake." We find that the court has been extremely patient in dealing with appellants' repeated attempts to retry issues that have previously been decided. The court did not abuse its discretion in denying appellants' motion for an order nunc pro tunc.
Having previously decided in Ferer I that the district court did not err when it dismissed appellants' first through sixth causes of action, we conclude that the district court did not abuse its discretion in refusing to allow appellants to resurrect causes of action that have merely been repackaged and rewrapped. The case of Aaron Ferer and Robin Monsky versus AFS, Matthew Ferer, and Whitney Ferer is over and done.

CONCLUSION
We find no merit to the assignments of error or arguments made by appellants. The judgment of the district court is affirmed.
AFFIRMED.
WRIGHT, J., participating on briefs.
McCORMACK, J., not participating.
NOTES
[1] Ferer v. Aaron Ferer & Sons, 272 Neb. 770, 725 N.W.2d 168 (2006).
[2] Neb. Rev. Stat. § 21-20,137 et seq. (Reissue 2007).
[3] See Ferer I, supra note 1.
[4] Jardine v. McVey, 276 Neb. 1023, 759 N.W.2d 690 (2009).
[5] Reicheneker v. Reicheneker, 264 Neb. 682, 651 N.W.2d 224 (2002).
[6] Jensen v. Jensen, 275 Neb. 921, 750 N.W.2d 335 (2008).
[7] Agena v. Lancaster Cty. Bd. of Equal., 276 Neb. 851, 758 N.W.2d 363 (2008).
[8] Trieweiler v. Sears, 268 Neb. 952, 689 N.W.2d 807 (2004).
[9] Id.
[10] Id.
[11] Ferer v. Erickson, Sederstrom, 272 Neb. 113, 718 N.W.2d 501 (2006).
[12] Reicheneker v. Reicheneker, supra note 5.
[13] See id.