Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/15/2017 09:11 AM CDT

DILLON FALES, APPELLANT AND CROSS-APPELLEE,
v. COUNTY OF STANTON, NEBRASKA,
APPELLEE AND CROSS-APPELLANT.
___ N.W.2d ___

Filed June 23, 2017.    No. S-16-936.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court must resolve independently of the trial court.

2. **Political Subdivisions Tort Claims Act: Appeal and Error.** In actions brought under the Political Subdivisions Tort Claims Act, an appellate court will not disturb the factual findings of the trial court unless they are clearly wrong.

3. **Political Subdivisions Tort Claims Act: Judgments: Appeal and Error.** In actions brought pursuant to the Political Subdivisions Tort Claims Act, when determining the sufficiency of the evidence to sustain the trial court's judgment, it must be considered in the light most favorable to the successful party; every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

4. **Political Subdivisions Tort Claims Act: Police Officers and Sheriffs: Motor Vehicles: Damages.** Neb. Rev. Stat. § 13-911 (Reissue 2012) provides a remedy to an innocent third party for damages caused by a law enforcement officer's vehicular pursuit.

5. **Political Subdivisions Tort Claims Act: Police Officers and Sheriffs: Motor Vehicles: Words and Phrases.** An "innocent third party" under Neb. Rev. Stat. § 13-911 (Reissue 2012) is one who has not promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel and one who is not sought to be apprehended in the fleeing vehicle.

6. **Police Officers and Sheriffs.** Whether law enforcement sought to apprehend an individual is a mixed question of law and fact.

7. **Political Subdivisions Tort Claims Act: Police Officers and Sheriffs: Motor Vehicles.** If during a pursuit under Neb. Rev. Stat. § 13-911 (Reissue 2012) a passenger takes some action that makes him or her become a person sought to be apprehended, the passenger does not remain an innocent third party by virtue of the fact that law enforcement began the pursuit to apprehend the driver only.

8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed.

Terry M. Anderson and Timothy J. O'Brien, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellant.

Vincent Valentino and Brandy R. Johnson for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

During an alleged vehicular pursuit by law enforcement, an underage passenger threw out beer containers to avoid being apprehended with the evidence. After his vehicle crashed and he was seriously injured, he sued the County of Stanton, Nebraska (County), claiming to be an "innocent third party."[1] Following a trial, the district court determined that when the passenger tossed the beer, he became a subject of the pursuit, thereby disqualifying him as an innocent third party. Because the court's factual findings were not clearly erroneous and its conclusion followed our case law, we affirm the judgment.

## BACKGROUND

### FACTS

Dillon Fales and Bryant Irish—both minors—attended a party in a trailer park and consumed beer while there. At

---

[1] See Neb. Rev. Stat. § 13-911 (Reissue 2012).

approximately 12:45 a.m. on February 9, 2014, they left the party. Irish drove a pickup truck, and Fales sat in the passenger seat.

The trailer park was located south of County Road 844 and just east of where that road intersects Highway 35 in Stanton County. A more direct route back to Norfolk, Nebraska, would have been to turn west onto County Road 844 and then turn onto Highway 35. But because Fales and Irish heard that law enforcement officers were on the way, they took "back roads." Irish therefore turned east out of the trailer park onto County Road 844.

As part of his patrol, Stanton County Deputy Sheriff Michael Petersen had parked his vehicle on the northeast corner of the trailer park. He observed Irish's pickup "fishtail[]" as it turned east onto County Road 844 and decided to follow it. Petersen could not see how many people were inside the pickup.

Irish proceeded east on County Road 844 and then turned south onto County Road 560. Petersen followed. He observed the pickup turn west onto County Road 842 without signaling its turn. Fales testified that when they turned onto County Road 842, they were able to confirm that a sheriff's vehicle was following them.

As Petersen turned onto County Road 842, he activated his emergency lights in an attempt to initiate a traffic stop. He intended to stop the vehicle for a turn signal violation and possibly for speeding. Petersen "called in to dispatch" at 12:54 a.m. When Fales and Irish saw the emergency lights and realized the deputy was following them, Irish asked Fales if they "should run for it or pull over." Fales testified that he shrugged his shoulders and replied, "'I don't know.'" According to Fales, Irish then "[p]retty much floored" the pickup.

Shortly after Irish accelerated, Fales threw an unopened 30-pack box of beer out of the window. He did so because he was scared that they would be pulled over by law enforcement, and he "figured it was better if we didn't have any beer in the

vehicle." Petersen observed several beer cans and a beer box on the road. A transcript of the "radio traffic" shows that at 12:55 a.m., Petersen reported "[b]eer box out, maybe two" and "[t]hey are throwing out more Bud Light beverages." Petersen considered this to be destruction of evidence and to be a part of his apprehension. He formed the opinion that the occupant or occupants in the pickup were minors.

Near the Stanton County line, Petersen slowed and deactivated his emergency lights. It is unclear how far Petersen was behind the pickup at that time.

As the pickup approached a sharp curve, it was traveling too fast for the conditions and left the roadway. An accident reconstructionist opined that the vehicle's minimum speed at the time it began to brake was 86.74 miles per hour. At 12:57 a.m., Petersen radioed: "[T]hey just wrecked. They are in the ditch." The pickup struck a concrete culvert. As a result of the accident, Fales suffered a severe head wound and paralysis from the chest down.

## PLEADINGS

Fales sued the County, alleging that he was an innocent third party and that the County was strictly liable to him by operation of § 13-911. Fales also alleged that the County was negligent in its pursuit of the vehicle in violation of Neb. Rev. Stat. § 60-6,114(1) and (3) (Reissue 2010).

The County filed an answer and an amended counterclaim for declaratory judgment. The counterclaim alleged that § 13-911(1) and (5) were unconstitutional in violation of Neb. Const. art. III, § 14. It claimed that the legislation was "logrolled by amendment to a non-germane bill that was already engrossed and read pursuant to Legislative Rule." The County also asserted that § 13-911(1) and (2) were unconstitutional because the strict liability standard conflicted with or implicitly amended § 60-6,114(1), (2), and (3), which imposed an ordinary negligence standard on "'police vehicles'" during a pursuit. The County requested, among other things,

a declaration that 1981 Neb. Laws, L.B. 273, was facially unconstitutional, null, and void.

After the district court overruled a motion for summary judgment by the County on its amended counterclaim for declaratory judgment, the County filed an amended answer and second amended counterclaim for declaratory judgment. The amended answer alleged that the County was entitled to sovereign immunity under Neb. Rev. Stat. § 13-910(1) (Reissue 2012). With respect to the County's amended counterclaim, it alleged that § 13-911(1) and (5) were unconstitutional, because their strict liability standard "conflicts with and/or implicitly amends" the ordinary negligence standard contained in Neb. Rev. Stat. §§ 13-903(4) (Reissue 2012) and 13-910(1). It further alleged that a "tort claim alleging strict liability but not negligent conduct by an employee of a political subdivision does not fall within the definition of 'tort claim.'"

### District Court's Judgment

The district court entered judgment in favor of the County. With respect to Fales' first cause of action, the court found that Fales failed to sustain his burden to prove that he qualified as an innocent third party. The court specifically found the following:

• Petersen "affirmed that when observing the destruction of evidence, such as when beer gets thrown out of a vehicle, that his focus of apprehension broadens to include the individual responsible for committing this potential act of concealing criminal activity."

• When Fales threw the box of beer cans out of the pickup, "he was actively engaging in criminal activity which was observed by the law enforcement officer in pursuit of the vehicle."

• "[W]hen Fales threw the beer out of the pickup truck, which Petersen observed, he lost his status as a potential 'innocent third party.'" And although Petersen "did not know it was Fales who was the passenger in the truck, or even if there were any passengers in the truck, Petersen's purpose

of apprehension broadened to include any and all persons inside the vehicle who may have attempted to destroy or conceal evidence."

The court also rejected Fales' second cause of action asserting negligence under § 60-6,114. Finally, the court "decline[d] to return to the constitutional claim of the [County] under which it previously sought summary judgment and was unsuccessful."

Fales filed a timely appeal, and the County cross-appealed. We moved the case to our docket.[2]

## ASSIGNMENTS OF ERROR

Fales assigns that the district court erred in (1) finding he was not an innocent third party under § 13-911 and (2) dismissing his complaint "on his cause of action under . . . § 13-911."

On cross-appeal, the County assigns that the district court erred in not declaring 1981 Neb. Laws, L.B. 273, § 31, and 1984 Neb. Laws, L.B. 590, § 2, unconstitutional as in violation of Neb. Const. art. III, § 14.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law, which an appellate court must resolve independently of the trial court.[3]

[2,3] In actions brought under the Political Subdivisions Tort Claims Act, an appellate court will not disturb the factual findings of the trial court unless they are clearly wrong.[4] In such actions, when determining the sufficiency of the evidence to sustain the trial court's judgment, it must be considered in the light most favorable to the successful party; every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence.[5]

---

[2] See Neb. Rev. Stat. § 24-1106 (Reissue 2016).

[3] *Williams v. City of Omaha*, 291 Neb. 403, 865 N.W.2d 779 (2015).

[4] *Id.*

[5] *Id.*

## ANALYSIS

### STATUTE

[4] Section 13-911 provides a remedy to an "innocent third party" for damages caused by a law enforcement officer's "vehicular pursuit."[6] The statute provides: "In case of death, injury, or property damage to any innocent third party proximately caused by the action of a law enforcement officer employed by a political subdivision during vehicular pursuit, damages shall be paid to such third party by the political subdivision employing the officer."[7] Thus, to recover under § 13-911, three components must be proved: (1) the person seeking to recover was an innocent third party, (2) law enforcement was engaged in a vehicular pursuit, and (3) the pursuit proximately caused the death, injury, or property damage.

### INNOCENT THIRD PARTY

The district court began and ended its inquiry with the innocent-third-party component. We will likewise begin by considering whether Fales was an innocent third party. If he was not, the County is not liable regardless of whether a vehicular pursuit occurred and whether the pursuit proximately caused his injuries.

[5] An "innocent third party" under § 13-911 is one who has not promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel and one who is not sought to be apprehended in the fleeing vehicle.[8] In using the phrase "innocent third party," we stated that "the Legislature was concerned with the actions of the third party as those actions may relate to the flight of the driver sought to be apprehended."[9] The district court found that "when Fales threw

---

[6] *Werner v. County of Platte*, 284 Neb. 899, 824 N.W.2d 38 (2012).

[7] § 13-911(1).

[8] *Werner v. County of Platte, supra* note 6.

[9] *Henery v. City of Omaha*, 263 Neb. 700, 707, 641 N.W.2d 644, 649 (2002).

the beer out of the pickup truck, which Petersen observed, he lost his status as a potential 'innocent third party.'"

[6] Whether law enforcement sought to apprehend an individual is a mixed question of law and fact.[10] Fales contends that the court's conclusion was wrong under both the facts and the law. We disagree.

First, we consider whether the district court's factual findings were clearly wrong. The court noted that Petersen testified in his deposition that even if he had known Fales was a passenger, he had no intent to apprehend Fales. But the court recognized a limitation of the question posed: It did not "relate . . . Fales as the individual who threw the beer out of the vehicle." Indeed, Petersen later testified that he did not have a reason to apprehend Fales because he did not know who Fales was.

Fales contends that there was no "factual basis" for Petersen's conclusion that the beer came from the pickup.[11] Fales directs us to Petersen's deposition, where Petersen testified that he did not see anyone in the pickup throw the beer. Although Petersen may not have observed *who* in the pickup threw the beer, he testified that he realized beer was being tossed from the vehicle. And this perception is supported by the radio traffic. According to a transcript, Petersen reported, in real time, that a beer box had been thrown and that "[t]hey are throwing out more Bud Light beverages."

Fales also challenges the district court's purported reliance on a hypothetical question asked of Petersen. During trial, counsel for the County asked Petersen the following questions:

> Q. Now, when . . . you began to see [beer cans and a beer box] as you . . . were traveling on [County Road] 842 — have you ever been involved with somebody that's jettisoned evidence out of a vehicle?

---

[10] See *Werner v. County of Platte, supra* note 6.

[11] Brief for appellant at 24.

A. Yes.

Q. Isn't that called destruction of evidence?

A. Yes, it is.

Q. Isn't that a felony?

A. Yes.

Q. In other words, someone is trying to conceal their criminal activity, are they not?

A. They are.

Q. And when they seek to destroy evidence of a crime, that gets into another level that you would consider as part of your — part of your apprehension?

A. Yes.

Although the question was hypothetical in nature, Petersen's answers square with his deposition testimony that if he had been able to get the pickup stopped, he would have issued a citation to whomever threw the beer out of the window. The court determined that "[e]ven though . . . Petersen did not know it was Fales who was the passenger in the truck . . . Petersen's purpose of apprehension broadened to include any and all persons inside the vehicle who may have attempted to destroy or conceal evidence." In making this determination, the court made logical inferences from the evidence. We cannot say that the court's factual findings were clearly erroneous.

Fales contends that the Nebraska Court of Appeals' decision in *Jura v. City of Omaha*[12] mandates a different result in this case. We disagree. In *Jura*, the Court of Appeals reviewed the trial court's finding that a passenger in a stolen vehicle was not an innocent third party. The officer began a pursuit once he learned that the vehicle was stolen, and the officer testified that he "'wanted everybody inside the vehicle.'"[13] The officer explained: "'When you have a stolen vehicle with multiple occupants, you don't know who stole the vehicle, where it

---

[12] *Jura v. City of Omaha*, 15 Neb. App 390, 727 N.W.2d 735 (2007).

[13] *Id.* at 397, 727 N.W.2d at 740.

was taken from, who might have been driving it earlier. You don't have that information before you stop the vehicle and question the occupants.'"[14] Similarly, in the instant case, Petersen did not know who in the pickup discarded the beer. It is reasonable to infer that he sought to apprehend everyone within the pickup.

In *Jura*, the Court of Appeals agreed that the passenger was a person sought to be apprehended. The court stated:

> A police officer's grounds for seeking to apprehend occupants in a vehicular chase situation must have a reasonable basis in the law and facts. Such a basis clearly exists in this case, because the vehicle was a stolen vehicle, as opposed to, for example, a chase starting with a traffic violation.[15]

Fales focuses on the latter sentence and asserts that when the pursuit is initiated because of a traffic violation "the pursuing officer intends to apprehend only the driver of the fleeing vehicle, not the other occupants of the vehicle."[16] We agree that this is frequently true at the beginning of such a pursuit.

[7] We reject the notion that a passenger who may have qualified as an innocent third party at the beginning of a pursuit cannot lose that status. If during the pursuit a passenger takes some action that makes him or her become a person sought to be apprehended, the passenger does not remain an innocent third party by virtue of the fact that law enforcement began the pursuit to apprehend the driver only. Here, Fales' act of throwing beer out of Irish's fleeing vehicle was such an action.

Fales also relies to some extent on our decision in *Werner v. County of Platte*.[17] In that case, the trial court found that the

---

[14] *Id.*

[15] *Id*. at 397, 727 N.W.2d at 740-41.

[16] Brief for appellant at 19.

[17] *Werner v. County of Platte, supra* note 6.

passenger was an innocent third party even though the passenger was discovered, after the fact, to be in possession of illegal drugs. We affirmed, stating that "the record supports the pertinent factual underpinnings of the court's conclusion, and thus, they are not clearly wrong."[18] We explained that the officer "sought to pull over the car for suspected driving under the influence and speeding—only the driver could have been guilty of those crimes."[19] We agreed with the trial court that the passenger was never the target of the officer's pursuit. Based on *Werner*, Fales contends that "doing something that constitutes a crime during a pursuit does not by itself cause the passengers to become occupants to be apprehended."[20]

The instant case is distinguishable from *Werner* in two key respects. First, the district court here found that Fales was not an innocent third party, while the trial court in *Werner* determined that the passenger was an innocent third party. This is an important distinction under our standard of review: We defer to the trial court's factual findings unless they are clearly wrong, and we consider the evidence in the light most favorable to the successful party. Second, we stated in *Werner* that "[d]uring the pursuit, [the officer] did not know about [the passenger's] breaking the law . . . ."[21] But here, Petersen knew about the beer cans being thrown from the vehicle during the pursuit. While Petersen did not know at the time that it was Fales who threw the beer, he was aware of the law violation during the pursuit.

We agree with the district court that Fales was a person sought to be apprehended in the fleeing vehicle. Because Fales was not an innocent third party, the County is not liable for his injuries under § 13-911.

---

[18] *Id.* at 917, 824 N.W.2d at 56.

[19] *Id.*

[20] Brief for appellant at 18.

[21] *Werner v. County of Platte, supra* note 6, 284 Neb. at 919, 824 N.W.2d at 57.

## CROSS-APPEAL

[8] Because we affirm the district court's judgment finding that the County is not liable for Fales' injuries, we agree with the concession of the County at oral arguments that we need not consider the County's cross-appeal as to the constitutionality of § 13-911. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[22]

## CONCLUSION

We consider the evidence in the light most favorable to the County as the successful party and give it the benefit of every inference that can reasonably be deduced from the evidence. Viewed in that light, the district court's factual findings are not clearly erroneous. We find no error in the court's conclusion that when Fales threw the box of beer out of the window of Irish's fleeing pickup, which was observed by Petersen, Fales became a person sought to be apprehended. Because Fales was therefore not an innocent third party, we affirm the district court's judgment.

AFFIRMED.

---

[22] *Adair Asset Mgmt. v. Terry's Legacy*, 293 Neb. 32, 875 N.W.2d 421 (2016).