Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/29/2021 09:09 AM CST

Benjamin M., appellant, v.
Jeri S., appellee.

___ N.W.2d ___

Filed November 6, 2020.    No. S-19-1144.

1. **Motions to Dismiss: Rules of the Supreme Court: Pleadings: Appeal
   and Error.** A district court's grant of a motion to dismiss for failure to
   state a claim under Neb. Ct. R. of Pldg. § 6-1112(b)(6) is reviewed de
   novo, accepting all the allegations in the complaint as true and drawing
   all reasonable inferences in favor of the nonmoving party.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a ques-
   tion of law. On a question of law, an appellate court is obligated to
   reach a conclusion independent of the determination reached by the
   court below.
3. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the
   power of a tribunal to hear and determine a case in the general class or
   category to which the proceedings in question belong and to deal with
   the general subject matter involved.
4. **Courts: Jurisdiction: Paternity.** District courts have subject matter
   jurisdiction of actions to determine paternity of a child.
5. **Limitations of Actions: Pleadings.** A challenge that a pleading is
   barred by the statute of limitations is a challenge that the pleading fails
   to allege sufficient facts to constitute a claim upon which relief can
   be granted.
6. **Limitations of Actions: Pleadings: Waiver.** A statute of limitations
   does not operate by its own force as a bar, but, rather, operates as a
   defense to be pleaded by the party relying upon it and is waived if
   not pleaded.
7. **Limitations of Actions: Jurisdiction.** The failure to comply with a
   statute of limitations is not an issue of subject matter jurisdiction.
8. **Paternity: Acknowledgments.** The proper legal effect of a signed, nota-
   rized acknowledgment of paternity is a finding that the individual who
   signed as the father is in fact the legal father.

9. ____: ____. The establishment of paternity by acknowledgment is the
equivalent to establishment of paternity by judicial proceeding.

10. **Constitutional Law: Parental Rights: Minors.** Parents have a consti-
tutional right to retain custody and control of their child.

11. **Constitutional Law: Jurisdiction: Equity: Child Custody.** Article
V, § 9, of the Nebraska Constitution confers equity jurisdiction upon
the district courts, and issues of child custody fall within that general
equity jurisdiction.

12. **Paternity: Acknowledgments: Child Custody: Child Support.** Neb.
Rev. Stat. § 43-1402 (Reissue 2016) authorizes the filing of an action for
child custody and child support when an acknowledgment of paternity
has been executed by the parties.

13. **Limitations of Actions: Paternity: Acknowledgments: Child
Custody: Child Support.** The 4-year statute of limitations on paternity
actions does not bar an action for child custody and child support for a
father who executed an acknowledgment of paternity.

14. **Appeal and Error.** An appellate court is not obligated to engage in an
analysis that is not necessary to adjudicate the case and controversy
before it.

Appeal from the District Court for Lancaster County:
Susan I. Strong, Judge. Reversed and remanded for further
proceedings.

Megan E. McDowell and Jerrad R. Ahrens, of Cordell &
Cordell, P.C., for appellant.

Robert Wm. Chapin, Jr., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Funke, J.

## NATURE OF CASE

Benjamin M. filed an action to establish paternity, custody,
support, and parenting time. Benjamin later filed two notarized
acknowledgments of paternity contemporaneously with an
amended complaint to establish custody, support, and parent-
ing time. The district court dismissed the amended complaint

based on statute of limitations grounds. Benjamin appeals and argues that the district court erred in failing to give proper legal effect to the notarized acknowledgments of paternity. We agree and reverse the district court's order and remand the cause for further proceedings.

## BACKGROUND

Benjamin and Jeri S. are the unmarried parents of two minor children: F.M., born in 2010, and L.M., born in 2012. Two days after the birth of F.M., Benjamin and Jeri executed a notarized acknowledgment of paternity for F.M. One day after the birth of L.M., Benjamin and Jeri executed a notarized acknowledgment of paternity for L.M.

In April 2019, Benjamin filed a complaint in the district court for Lancaster County, Nebraska, to establish paternity, child custody, child support, and parenting time. Jeri filed a motion to dismiss pursuant to Neb. Rev. Stat. § 43-1411 (Reissue 2016), arguing that the court lacked subject matter jurisdiction to adjudicate the case because the complaint was filed beyond the 4-year statute of limitations for a paternity action. In response, Benjamin filed an amended complaint to establish child custody, child support, and parenting time in which he pled that he and Jeri had executed notarized acknowledgments of paternity for both children. The amended complaint further alleged that as a result of the acknowledgments of paternity, Benjamin was the legal father of both children.

The court held hearings on the motion to dismiss on August 23 and September 10, 2019. The hearings were held "in chambers [and] not on the record." However, at the September 10 hearing, the court went on the record to "see if [counsel for Benjamin] would like to offer the acknowledgments of paternity as exhibits that the Court could consider on the motion to dismiss," as well as to "address [counsel for Benjamin's] comment that an Amended Complaint has been filed after the motion to dismiss." Certified copies of the notarized acknowledgments of paternity for both F.M. and

L.M. were offered and received into evidence, without objection from Jeri. In response, the court proposed converting the motion to dismiss into a motion for summary judgment. Neither party objected.

On September 11, 2019, the district court entered an order of dismissal. In its order, the district court determined that Benjamin set forth no allegations that would toll the statute of limitations and pointed out that Benjamin knew he was the biological father at the time of the births, as evidenced by the notarized acknowledgments of paternity, but he waited more than 4 years to bring this action. The district court discussed Neb. Rev. Stat. § 43-1409 (Reissue 2016), which recognizes that a signed, notarized acknowledgment of paternity can be rescinded within the earlier of 60 days or the date of a judicial proceeding relating to the child, including a proceeding to establish a support order, in which the signatory is a party. The district court also discussed *Cesar C. v. Alicia L.*,[1] in which this court found that a lower court committed plain error when it failed to give proper legal effect to a notarized acknowledgment of paternity signed at birth. However, the district court noted that *Cesar C.* did not involve the statute of limitations. The district court concluded that Benjamin failed to timely exercise his parental rights with due diligence and that thus, his action was barred by the 4-year statute of limitations set forth in § 43-1411. Because the court considered evidence (in the form of the acknowledgments of paternity), it applied a motion for summary judgment standard to Jeri's motion to dismiss. The court stated that when viewing the evidence and all reasonable inferences in the light most favorable to Benjamin, it could not find any genuine issues of material fact which would preclude summary judgment. The court determined that Benjamin was asserting his parental rights more than 4 years after the birth of his children and

---

[1] *Cesar C. v. Alicia L.*, 281 Neb. 979, 800 N.W.2d 249 (2011).

ultimately found that an untimely action to establish paternity under § 43-1411 was a defect in subject matter jurisdiction and dismissed the case.

On September 20, 2019, Benjamin filed motions to reconsider, to vacate the order of dismissal, for new trial, and to reopen evidence. After a hearing, the district court entered an order denying all four motions. Benjamin timely appeals.

## ASSIGNMENTS OF ERROR

Benjamin assigns, restated and consolidated, that the district court erred (1) by not giving proper legal effect to the acknowledgments of paternity, (2) in finding the notarized acknowledgments of paternity recognized in Neb. Rev. Stat. § 43-1402 (Reissue 2016) are subject to the 4-year statute of limitations for paternity actions set forth in § 43-1411, and (3) by improperly converting Jeri's motion to dismiss into a motion for summary judgment without proper notice or an opportunity to respond.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss for failure to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[2]

[2] Statutory interpretation presents a question of law.[3] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[4]

---

[2] *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005).

[3] See, *State ex rel. Wagner v. Gilbane Bldg. Co.*, 280 Neb. 223, 786 N.W.2d 330 (2010); *State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2002).

[4] *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001).

## ANALYSIS

### Jurisdiction

[3,4] Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction.[5] In its order of dismissal, the district dismissed the case for lack of subject matter jurisdiction for Benjamin's failure to file his paternity action within 4 years of the birth of the children. Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[6] We have consistently held that the district court has subject matter jurisdiction of an action to determine paternity of a child.[7]

[5-7] A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a claim upon which relief can be granted.[8] We have previously stated that a statute of limitations specifies only that an action must be commenced within a specified time period.[9] Further, a statute of limitations does not operate by its own force as a bar, but, rather, operates as a defense to be pleaded by the party relying upon it and is waived if not pleaded.[10] Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created

---

[5] *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019).

[6] *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[7] *Sherman T. v. Karyn N.*, 286 Neb. 468, 837 N.W.2d 746 (2013). See Neb. Rev. Stat. § 43-1411.01 (Cum. Supp. 2018).

[8] *Anthony K. v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 540, 855 N.W.2d 788 (2014).

[9] *In re Estate of Hockemeier*, 280 Neb. 420, 786 N.W.2d 680 (2010).

[10] *Id.*

by waiver, estoppel, consent, or conduct of the parties.[11] As such, the failure to comply with a statute of limitations is not an issue of subject matter jurisdiction. Instead, we find that a more appropriate ground for dismissal in this case would have been dismissal for failure to state a claim upon which relief can be granted.[12] However, neither party has raised this issue on appeal, and as such, we proceed with our analysis as if the district court had dismissed this case on the ground of failure to state a claim upon which relief could be granted.

### Acknowledgments of Paternity

Benjamin argues that the district court erred by not giving the acknowledgments of paternity proper legal effect. He further contends that a notarized acknowledgment of paternity which has not been rescinded is not merely a presumption of paternity, but a legal finding of paternity. Jeri counters that any paternity action brought more than 4 years after the birth of the child is barred by § 43-1411. She contends that an acknowledgment of paternity has no effect on the 4-year statute of limitations.

[8] The procedure for obtaining a judicial determination of paternity is set forth in Neb. Rev. Stat. §§ 43-1401 to 43-1418 (Reissue 2016 & Cum. Supp. 2018). Section 43-1409 provides as follows:

> The signing of a notarized acknowledgment, whether under section 43-1408.01 or otherwise, by the alleged father shall create a rebuttable presumption of paternity as against the alleged father. The signed, notarized acknowledgment is subject to the right of any signatory to rescind the acknowledgment within the earlier of (1) sixty days or (2) the date of an administrative or judicial proceeding relating to the child, including a proceeding to establish a support order in which the signatory is a party.

---

[11] *J.S., supra* note 6.

[12] See *Anthony K., supra* note 8.

> After the rescission period a signed, notarized acknowl-
> edgment is considered a legal finding which may be
> challenged only on the basis of fraud, duress, or material
> mistake of fact with the burden of proof upon the chal-
> lenger, and the legal responsibilities, including the child
> support obligation, of any signatory arising from the
> acknowledgment shall not be suspended during the chal-
> lenge, except for good cause shown. Such a signed and
> notarized acknowledgment or a certified copy or certified
> reproduction thereof shall be admissible in evidence in
> any proceeding to establish support.

We have held that an unrescinded and unchallenged acknowl-
edgment of paternity operates as a legal finding of paternity
and that the proper legal effect of a signed, notarized acknowl-
edgment is a finding that the individual who signed as the
father is in fact the legal father.[13]

[9] In *Cesar C.*, we considered the legal effect of an
acknowledgment of paternity in a custody matter.[14] In that
case, Cesar C. and Alicia L. were unmarried, but shared a
child, Jaime C., together. A notarized acknowledgment of
paternity was executed at Jaime's birth, and Cesar was listed
as Jaime's father on the birth certificate. Three years later, at
a subsequent court proceeding to establish custody and child
support, a genetic test ruled out Cesar as a possible biologi-
cal father of Jaime. Although the district court received the
notarized acknowledgment of paternity into evidence without
objection, it awarded custody of Jaime to Alicia and deter-
mined Alicia had superior rights to custody as the biological
parent of Jaime. On appeal, this court reversed the decision
of the district court and concluded that the district court com-
mitted plain error when it failed to give proper legal effect to

---

[13] See, *Tyler F. v. Sara P.*, 306 Neb. 397, 945 N.W.2d 502 (2020); *In re
Adoption of Jaelyn B.*, 293 Neb. 917, 883 N.W.2d 22 (2016); *Cesar C.,
supra* note 1.

[14] *Cesar C., supra* note 1.

the acknowledgment of paternity, which established Cesar as Jaime's legal father. We determined that had the court given proper legal effect to the acknowledgment, the court would have viewed both Cesar and Alicia as legal parents to Jaime. We found that the establishment of paternity by acknowledgment is the equivalent to the establishment of paternity by judicial proceeding. As a result, we held that based upon the acknowledgment of paternity, the court should have treated the complaint to establish paternity as a complaint to determine custody and support.

In *In re Adoption of Jaelyn B.*,[15] we addressed the legal effect of an acknowledgment of paternity in a proceeding for adoption. We held that a father whose paternity is established by a final, voluntary acknowledgment has the same right to seek custody as the child's biological mother, even if subsequent genetic testing shows he is not the biological father.

Recently, in *Tyler F. v. Sara P.*,[16] we again had the occasion to consider the effect of an acknowledgment of paternity in a custody matter. In *Tyler F.*, the district court ruled that an acknowledgment of paternity established Tyler as the legal father and a subsequent genetic test established another man as the biological father. In doing so, the court granted both men paternal rights. On appeal, we held that the original acknowledgment of paternity determined that Tyler was the only father of the minor child and that the subsequent genetic test did not establish paternal rights for the other man without setting aside the acknowledgment of paternity.

Additionally, § 43-1402 states that the father of a child whose paternity is established either by judicial proceedings or by acknowledgment shall be liable for the child's support to the same extent and in the same manner as the father of a child born in lawful wedlock is liable for the child's support.

---

[15] *In re Adoption of Jaelyn B., supra* note 13.

[16] *Tyler F., supra* note 13.

We have explained that this language contained in § 43-1402 contemplates that an establishment of paternity by acknowledgment is the equivalent to an establishment of paternity by judicial proceeding.[17]

Furthermore, § 43-1412.01 authorizes the setting aside of a final judgment, a court order, an administrative order, an obligation to pay child support, or any other legal determination of paternity if a scientifically reliable genetic test performed establishes the exclusion of the individual named as a father in the legal determination. However, the statute precludes the granting of such relief when, among other things, the individual named as the father completed a notarized acknowledgment of paternity.[18] This provision in § 43-1412.01 provides further support for the conclusion that an acknowledgment legally establishes paternity and grants the individual named as father the legal status of a parent to the child regardless of genetic factors.[19]

In the instant matter, it is undisputed that the acknowledgments of paternity have not been timely rescinded. It is also undisputed that there have been no challenges made to the signed and notarized acknowledgments of paternity based on fraud, duress, or material mistake of fact.[20] Further, neither party disputes that the acknowledgments of paternity operate as a finding that Benjamin is the legal father of F.M. and L.M. In fact, at the hearing on the motion to dismiss, counsel for Jeri stated, "I think what's interesting about this particular case is that the acknowledgment of paternity establishes that [Benjamin] is, in fact, the father. We're not actually even contesting that."

Based upon the clear language of §§ 43-1402 and 43-1409, our cases interpreting these statutes, and the record before

---

[17] *Id.*; *Cesar C., supra* note 1.

[18] § 43-1412.01.

[19] *Cesar C., supra* note 1.

[20] See § 43-1409.

us, we find that Benjamin's acknowledgments of paternity established him as the legal father of the minor children.

## STATUTE OF LIMITATIONS

In the present case, the district court did not have the benefit of our decision in *Tyler F.*[21] However, the court did consider our decision in *Cesar C.* and determined that its holding was inapplicable to this matter because Jeri's defense was based on the statute of limitations, rather than on paternity.[22] The 4-year statute of limitations for paternity actions is found in § 43-1411, which states, in relevant part:

A civil proceeding to establish the paternity of a child may be instituted, in the court of the district where the child is domiciled or found or, for cases under the Uniform Interstate Family Support Act, where the alleged father is domiciled, by (1) the mother or the alleged father of such child, either during pregnancy or within four years after the child's birth . . . .

In its order, the district court determined that if Benjamin had filed his action within 4 years from the date the children were born, "[it] would be required to treat the case as one for custody and support as between two legal parents (unless [Jeri] could successfully challenge the acknowledgments of paternity)."

It is undisputed that Benjamin filed his complaint to establish paternity, custody, and support more than 4 years after the birth of the minor children. However, by the time Benjamin initiated the current proceedings, Benjamin's paternity of F.M. and L.M. had already been established by the execution of unrescinded and unchallenged acknowledgments of paternity. As such paternity was no longer an issue, the only remaining issues to decide were issues of custody and support. As we have previously stated, when an action to establish paternity,

---

[21] See *Tyler F., supra* note 13.

[22] See *Cesar C., supra* note 1.

custody, and support has been filed after the execution of an acknowledgment of paternity, the court should treat the action as an action solely to determine custody and support.[23]

[10] Jeri contends that despite Benjamin's status as the legal father, there is no statutory authority for Benjamin to bring an action in district court to establish custody and support. We disagree. First, it is beyond dispute that under the U.S. Supreme Court's longstanding precedent, parents have a constitutional right to retain custody and control of their child.[24] Second, the Nebraska Legislature has recognized the critical importance of the parent-child relationship in the welfare and development of the child and that the relationship between the child and each parent should be equally considered unless it is contrary to the best interests of the child.[25]

The district courts of Nebraska are courts of general jurisdiction and thus have inherent power to do all things necessary for the administration of justice within the scope of their jurisdiction.[26] Any power conferred by the constitution cannot be legislatively limited or controlled.[27] The Legislature may, however, grant to the district courts such additional jurisdiction as it may deem proper.[28]

[11] We have said that article V, § 9, of the Nebraska Constitution confers equity jurisdiction upon the district courts, and issues of child custody fall within that general

[23] See, *Tyler F., supra* note 13; *Cesar C., supra* note 1.

[24] *Amanda C. v. Case*, 275 Neb. 757, 749 N.W.2d 429 (2008). See, *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) (plurality opinion) (citing *Prince v. Massachusetts*, 321 U.S. 158, 64 S. Ct. 438, 88 L. Ed. 645 (1944); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S. Ct. 571, 69 L. Ed. 1070 (1925); *Meyer v. Nebraska*, 262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923)).

[25] Neb. Rev. Stat. § 43-2921 (Reissue 2016).

[26] *Charleen J. v. Blake O.*, 289 Neb. 454, 855 N.W.2d 587 (2014).

[27] *Id.*

[28] *Id.*

equity jurisdiction.[29] Indeed, since a century ago, Nebraska common law has recognized an action in equity for custody apart from an action for dissolution of marriage or paternity.[30] Even when custody is determined within a dissolution or paternity action, it is considered "'incidental'" to those causes of action.[31] Questions of custody within such actions still derive from the court's general equity jurisdiction.[32] The paternity statutes therefore cannot circumscribe the district courts' inherent powers in equity to determine child custody.[33]

Statutorily, § 43-1402 states that the liability of each parent may be determined, enforced, and discharged in accordance with the methods hereinafter provided. In *Cesar C.*, we held that when reading §§ 43-1402 and 43-1409 together, the provision in § 43-1409 that an acknowledgment is a "legal finding" means that a properly executed acknowledgment legally establishes paternity in the person named in the acknowledgment as the father.[34] A father whose paternity is established by a final, voluntary acknowledgment has the same right to seek custody as the child's biological mother.[35] As such, Benjamin's parental rights and responsibilities for the children could be determined and enforced through the filing of an action to establish custody and support. Any inability of Benjamin to enforce his parental rights and obligations would run contrary to his constitutional rights as a parent of the children.[36]

If the 4-year statute of limitations were to bar an action for custody and support for a father who executed an

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 460, 855 N.W.2d at 593.

[32] *Id.*

[33] *Id.*

[34] See *Cesar C., supra* note 1.

[35] *Tyler F., supra* note 13.

[36] See *Amanda C., supra* note 24.

acknowledgment of paternity, a man could be a legal father with the obligation to support his children, but have no parental rights of custody and parenting time. This would be an untenable result. Therefore, we conclude that Benjamin's action cannot be barred by the 4-year statute of limitations.

[12,13] We find that when an acknowledgment of paternity has been executed by the parties, the district court has the inherent authority to consider the issue of child custody, and that § 43-1402 authorizes the filing of an action for child custody and child support. We further find that the 4-year statute of limitations on paternity actions does not bar an action for child custody and child support for a father who executed an acknowledgment of paternity. As such, the district court erred in its application of § 43-1411.

### Remaining Assignment of Error

[14] Benjamin's remaining assignment of error is that the district court erred in improperly converting Jeri's motion to dismiss into a motion for summary judgment without proper notice or an opportunity to respond. However, because we have already determined the district court erred when it failed to give proper legal effect to the notarized acknowledgments of paternity, we need not address this assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[37]

### CONCLUSION

The district court erred in failing to give proper legal effect to the signed, notarized acknowledgments of paternity executed by Benjamin and Jeri days after the births of F.M. and L.M. Additionally, where there is a properly executed and unrescinded and unchallenged acknowledgment of paternity, an

---

[37] *Fales v. County of Stanton*, 297 Neb. 41, 898 N.W.2d 352 (2017).

action for establishment of paternity should be treated solely as an action to determine the issues of custody and support. As such, the statute of limitations governing the time to bring a paternity proceeding is inapplicable in cases where there is a properly executed and unrescinded and unchallenged acknowledgment of paternity. Accordingly, we reverse the district court's order of dismissal and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.